## Clint McKinney v. The State.

### No. 1902.   Decided January 24, 1900.

**1. New Information Upon Original Complaint—Practice.**

Where an original information has been quashed and the prosecution brings a new information upon the original complaint, the case becomes a new case, and is to be tried without reference to the former proceedings.

**2. Same—First Continuance.**

Where a new information is brought upon an original complaint in lieu of one which has been quashed the case becomes a new one, and a preliminary application by defendant for a continuance under the new information is a first application, notwithstanding defendant had previously applied for a continuance under the first information before the same was quashed.

**3. Continuance on Motion for New Trial—Practice.**

On motion for new trial, if the testimony of the absent witness appears material and probably true, the court should grant the same where in the first instance the motion for continuance was overruled.

**4. Costs—Retaxing.**

On a prosecution where the original information was quashed by the court on appeal and a new one ordered to be brought, it is error on a second conviction under the new information to charge as costs against defendant the items accruing prior to the filing of the second information. And where this has been done it is error to refuse defendant's motion to retax the costs.

APPEAL from the County Court of Hunt. Tried below before Hon. R. D. Thompson, County Judge.

Appeal from a conviction for disturbance of religious worship; penalty, a fine of $5.

The case as considered on the appeal is sufficiently stated in the opinion. Defendant made a motion for continuance; motion for new trial based upon the refusal of a continuance; motion to retax the costs, and a motion in arrest of judgment, all of which were overruled and exceptions duly reserved.

*B. Q. Evans*, for appellant.

*Rob't A. John*, Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—Conviction for disturbing religious worship. On a former appeal, the judgment was reversed on account of a variance between the information and complaint, and the county attorney was ordered to file a new information. McKinney v. State (Texas Criminal Appeals), 49 S. W. Rep., 376. This, it appears, was done, and the trial was had under the new pleading. Appellant was not rearrested, but voluntarily answered. He moved for continuance because of the absence of various witnesses. The State relied upon evidence showing appellant disturbed several persons in a church during religious services. He alleges that he expected to prove by the absent witnesses, who were also in the church on said occasion, —some of them sitting very near him,—that he did not talk or make the disturbance relied upon by the State. We deem it unnecessary to go into a detailed statement of the facts adduced by the State, or those set up in the motion for continuance. This was appellant's first application. For a continuance under said new pleading, this was a new case. Turner v. State, 21 Texas Crim. App., 198. On motion for new trial, if the testimony of the absent witnesses appears material and probably true, the court should grant the same, where in the first instance the motion for continuance was overruled. The evidence set up in the motion is certainly material, and the jury might have believed it. The affidavits of several of the absent witnesses are appended to the motion for new trial. The affidavits sustain, in the main, the application for continuance. The continuance should have been granted, and, failing so to do, the court should have awarded a new trial.

There is another question in the record necessary to be noticed. Motion was made to retax costs. The cost bill includes all items accruing in the former prosecution, including the costs of this court on appeal. Under the Turner case, supra, the filing of the new information was the commencement of a new proceeding, and all the items of costs accruing prior to the filing of the second information should have been excluded. The court below will observe this, should there be another conviction.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*