### JIM RAINWATER v. THE STATE.

#### No. 2736.    Decided May 18, 1904.

**Charge of the Court.**

Where defendant was charged with slander of a female, imputing to her a want of chastity, it was error to refuse the requested charge, that before the jury could find him guilty, that they must believe beyond a reasonable doubt, not only that the alleged false words were uttered by him, but that they were uttered maliciously and wantonly in the legal sense and signification of those terms, defining them.

Appeal from the County Court of Runnels. Tried below before Hon. John H. Goodwin.

Appeal from a conviction of slander; penalty, a fine of $750.

The State proved that defendant uttered substantially the words alleged in the indictment inputing a want of chastity to a female named therein. The defense by numerous witnesses proved acts of lewdness on the part of prosecutrix and that her general character for chastity was bad in the community in which she lived. The State by way of rebuttal showed counterwise that the reputation of prosecutrix for chastity was good.

*R. B. Truly* and *C. O. Harris,* for appellant.—The words "maliciously" and "wantonly" are strictly legal terms; have their peculiar interpretation in law different from their meaning and acceptation in common parlance and according to popular understanding. In such case it is the duty of the court to instruct the jury as to the legal definition of the terms, so that they may be fully informed as to the essential ingredients of the offense charged in the indictment, and intelligently apply the facts to the case in hand. Especially is it material and

prejudicial error to refuse a special charge interpreting the meaning of these necessary terms in this kind of case, when, if their true legal definition and significance is understood, the defendant may be completely exonerated as provided by statute, or his punishment at least mitigated. Branch v. State, 41 Texas, 622; Thomas v. State, 14 Texas Crim. App., 200; Lane v. State, 16 Texas Crim. App., 172; McMahan v. State, 13 Texas Crim. App., 220; Duke v. State, 19 Texas Crim. App., 14; Humbard v. State, 17 S. W. Rep., 126.

*Howard Martin,* Assistant Attorney-General, for the State.

BROOKS, JUDGE.—Appellant was convicted of slander, and his punishment assessed at a fine of $750. Appellant tendered to the court the following special instruction: "The jury are further charged as part of the law of this case, that the indictment charges that defendant falsely and maliciously and falsely and wantonly did impute to Mrs. E. P. Henderson a want of chastity, etc., by the use of the words uttered of and concerning said Mrs. E. P. Henderson alleged in the indictment. In order to convict defendant of the charge alleged in the indictment, you must believe from the evidence beyond a reasonable doubt not only that the alleged false words charged in the indicement were uttered as alleged, by defendant, but the State must further show by the evidence beyond a reasonable doubt that said words so alleged were uttered by defendant maliciously or wantonly. By the expression and word maliciously, is meant that said words must have been so uttered as to imply by defendant an evil intent or legal malice, or without reasonable grounds for believing that the words uttered were true, and without reasonable ground for believing that the witness Mrs. E. P. Henderson had a bad reputation for virtue and chastity, or was an unchaste woman; and defendant must believe her reputation to be bad or that she was unchaste. By the expression wantonly, as used in the indictment in this case is meant, that the words charged to have been uttered by defendant must have been uttered regardless of the consequences, in a reckless manner, or under such circumstances as evinced a wicked and mischievous intent and without excuse." We think the court should have given this charge to the jury, since it is a part of the statutory definition of slander. For a full discussion of this matter, see Branch v. State, 41 Texas, 622; McMahan v. State, 13 Texas Crim. App., 220; Thomas v. State, 14 Texas Crim. App., 200; Lane v. State, 16 Texas Crim. App., 172; Duke v. State, 19 Texas Crim. App., 14; Van Dusen v. State, 34 Texas Crim. Rep., 456; Hubbard v. State, 17 S. W. Rep., 126; Tippen v. State, 43 S. W. Rep., 1000; Collins v. State, 44 S. W. Rep., 846; Stayten v. State, 9 Texas Ct. Rep., 654.

The other questions raised by appellant are thoroughly discussed

in the cases cited, and we do not deem it necessary to review them in detail.

The judgment is accordingly reversed and the cause remanded.

*Reversed and remanded.*