### Delos Bradford v. The State.

#### No. 1206.   Decided May 24, 1911.

**1.—Burglary—Indictment—Breaking—Force.**

In ordinary cases of burglary committed in the night-time, it is unnecessary to allege that the entry was committed by means of breaking, and an allegation that the entry was by force is sufficient.

**2.—Same—Evidence—Confessions—Statement of Facts.**

Where there is no statement of facts, and the alleged confession is not recited in the bill of exceptions, the same can not be considered on appeal.

**3.—Same—Evidence—Convict—Codefendant.**

Where defendant's codefendant was serving a term in the penitentiary for participation in the same offense for which defendant was then on trial, he was not a competent witness for the defendant.

**4.—Same—Indictment—Value.**

In cases of burglary with intent to commit theft it is unnecessary to allege the value of the property, and the jury need not find on this issue.

**5.—Same—Special Charges—Practice on Appeal.**

In the absence of a statement of facts, requested charges can not be considered on appeal.

Appeal from the District Court of Denton. Tried below before the Hon. Clem B. Potter.

Appeal from a conviction of burglary; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

No brief on file for appellant.

*C. E. Lane,* Assistant Attorney-General, for the State.

HARPER, JUDGE.—In this case appellant is charged by indictment with the offense of burglary. Upon a trial he was convicted and his punishment assessed at two years in the penitentiary.

There is no statement of facts in the record, consequently many of the grounds stated in the motion for a new trial can not be considered by us. However, there are a number of bills of exception in the record, and to each we have given due consideration. There was no error in overruling the motion to quash the indictment. The indictment charged the offense of burglary with the intent to commit theft, and the decisions of this court all hold that in an ordinary burglary committed in the night-time it is unnecessary to allege that the entry was committed by means of breaking. The allegation that the entry was by force would be sufficient. Garner v. State, 31 Texas Crim. Rep., 22; Summers v. State, 9 Texas Crim. App., 396; Carr v. State, 19 Texas Crim. App., 635.

In bill of exceptions No. 1 defendant complains of the admissibility of an alleged confession. The confession, or any part thereof, is not recited in the bill. There is no statement of facts, and the record being in this condition it is impossible for us to rule on the matter.

In bill No. 2 it is claimed that the court erred in not permitting Joe Armstrong to testify that he was the guilty person, and that defendant took no part in committing the burglary. The bill alleges that Joe Armstrong was a convicted felon, and was then serving a term in the penitentiary for participation in the same offense for which defendant was then on trial. If this is true, said witness under our laws was not a competent witness to any fact. Article 768, Code Criminal Procedure, and authorities collated under this article in

White's Procedure. In case of burglary with intent to commit theft it is unnecessary to allege the value of the property, and the court's charge need not require that the jury find that the property had any specific value. Sullivan v. State, 13 Texas Crim. App., 462; Simms v. State, 2 Texas Crim. App., 110; Green v. State, 21 Texas Crim. App., 64; Collins v. State, 20 Texas Crim. App., 197.

In bills of exception Nos. 4, 5, 6, 7, 8 and 9 defendant complains of a portion of the charge of the court and the failure of the court to give certain special instructions requested. In the absence of a statement of facts it is impossible for us to judge whether or not the special instructions should have been given, and it is the rule of this court, that if the charge is applicable to any state of facts that could have been proven under the allegations of the indictment, this court will assume that the court correctly applied the law to the facts in the case. Wright v. State, 37 Texas Crim. Rep., 146.

The bills of exception presenting no matter which show error in the absence of a statement of facts, the judgment is affirmed.

*Affirmed.*