Appellant was charged by complaint and information with the offense of slander. A jury trial resulted in conviction and the assessment of his punishment at a fine of $100 and thirty days imprisonment in the county jail.
The complaint charged the offense to have taken place on or about the first day of December, 1916, and that a want of chastity was imputed to Mrs. Will Tingle by the use of the following language: "Will Tingle burned our barn, and his damned whore helped him plan it. Will's wife is no account." The information alleged the offense to have been committed on ___ day of ___, 1916, and charged that the imputation and want of chastity to "Mrs. ___ Tingle." We quote from the information as follows: "did then and there, in the presence and hearing of John Davis, falsely, maliciously and wantonly say of and concerning the said Mrs. ___ Tingle, `Will Tingle burned our barn, and his damned whore helped him plan it. Will's wife is no account,' meaning thereby that said Mrs. ___ Tingle was unchaste, and was a *Page 410 
whore." Motion to quash the complaint and information on various grounds was overruled. It will be noted that there is a variance between the date of the offense as alleged in the complaint and that charged in the information. This, we think, was fatal to the information. Lackey v. State, 53 Tex.Crim. Rep., 110 S.W. Rep., 903, and cases there referred to. The information failed to state the given name or initials of Mrs. Tingle. If the initials or christian name of Mrs. Tingle were known, it was necessary to give them in the information. If they were unknown, it was necessary to state that fact. Art. 456, Vernon's C.C.P. Construing this statute, it has been held that where a married woman is the injured party she should be described by her christian name or her initials set out. Bell v. State, 25 Tex. 574
[25 Tex. 574]; Beaumont v. Dallas, 34 Tex.Crim. Rep.. Other cases in point are Ranch v. State, 5 Texas Crim. App., 363. See Vernon's C.C.P., p. 204. An effort was made to amend the information, but the defects were substantial and could not be cured by amendment. Huff v. State, 23 Texas Crim. App., 291; Taylor v. State, 50 S.W. Rep., 1015, and cases there cited. Nor would the allegations in the complaint aid the information defective in substance. Branch's Ann. Penal Code, vol. 1, p. 251; Lawson v. State, 13 Texas Crim. App., 83; Pittman v. State, 14 Texas Crim. App., 576; Smith v. State, 25 Texas Crim. App., 454.
There were exceptions to the charge urged, some of which present valid objections, but as they will not likely occur on another trial they will not be discussed in detail. The special charge requesting the court to define "wantonly" and "wilfully" should have been given the jury. Rainwater v. State,46 Tex. Crim. 496, 81 S.W. Rep., 38; Vernon's Penal Code, art. 1180, and annotations, p. 733. Also a special charge calling the jury's attention particularly to the words used in the information which are alleged to have imputed a want of chastity, and advising the jury that an interpretation and meaning of these words is for them. The court in his main charge in a general way submitted the meaning of the language used to the jury, but the request for a more specific charge on this subject should have been granted.
It was necessary to prove the innuendo and to so frame the charge that the jury would understand that the burden was upon the State to prove the alleged meaning of the words. Vernon's Penal Code, p. 731, and cases cited; also p. 733.
A paragraph of the court's charge submitting the issue to the jury is as follows: "If you believe from the evidence that Ernest Kelly, in Hunt County, Texas, on or about the first day of December, 1916, did orally, falsely, maliciously and wantonly impute a want of chastity to Mrs. Will Tingle, you will find the defendant guilty, and if you do not so believe from the evidence, you will return a verdict of not guilty." This is criticised as susceptible of the construction that it required the appellant to prove his innocence. On another trial the court will doubtless frame his charge so as to avoid this criticism, and to clearly place upon the State the burden of proof throughout the case to prove *Page 411 
the appellant's guilt beyond a reasonable doubt. Bennett v. State, 30 Texas Crim. App., 341; Branch's Crim. Law, sec. 718.
In some of appellant's bills complaint is made of the rejection by the court of proffered testimony of a witness who claimed to have followed certain tracks in the direction of appellant's barn which was burned, and other circumstances tending to connect Will Tingle with burning appellant's barn. As disclosed by the record we do not regard this evidence as relevant. Will Tingle was not a witness in the case.
Because of the defects in the information the judgment of the lower court is reversed and the cause remanded.
Reversed and remanded.