### JOE OYERVIDES v. THE STATE.

#### No. 4700. Decided November 21, 1917.

**Aggravated Assault—Complaint—Date of Offense—Motion in Arrest of Judgment.**

It is essential that the pleadings upon which a criminal action is founded shall charge the date of the offense within the time in which it would not be barred by the statute of limitation, and the defect of this description in the complaint, towit: On or about the 4th day of July, 191, is not cured by the information. Following Lackey v. State, 53 Texas Crim. Rep., 459, and other cases.

Appeal from the County Court of Travis. Tried below before the Hon. D. J. Pickle.

Appeal from a conviction of aggravated assault; penalty, a fine of twenty-five dollars.

The opinion states the case.

*Faulk & Monroe,* for appellant.—On question of insufficiency of complaint: Bradford v. State, 62 Texas Crim. Rep., 424; Collins v. State, 5 Texas Crim. App., 37; Brewer v. State, 5 Texas Crim. App., 248; Blake v. State, 3 id., 149; Hefner v. State 16 id., 573.

*E. B. Hendricks,* Assistant Attorney General, for the State.

MORROW, JUDGE.—This is a prosecution on complaint and information for the offense of aggravated assault. The complaint was filed July 7, 1917, and fixed the date of the alleged offense in the following language: "On or about the 4 day of July 191." We think the court was in error in failing to sustain the motion in arrest of judgment based on the insufficiency of this complaint. Complaints of this character have been held insufficient in a number of cases. Collins v. State, 5 Texas Crim. App., 37; Brewer v. State, 5 Texas Crim. App., 248; Vernon's C. C. P., art. 451, p. 196, note 10. It is essential that the

pleadings upon which a criminal action is founded shall charge the date of the offense within the time in which it would not be barred by the statute of limitation. Bradford v. State, 62 Texas Crim. Rep., 424, in which the indictment was held invalid charging the date as the 19th day of April, One thousand, nine hundred and ——. A defect of this description in the complaint is not cured by the information. Lackey v. State, 53 Texas Crim. Rep., 459, and cases there cited.

The judgment of the lower court is reversed and the cause dismissed.

*Dismissed.*