Undoubtedly this case should have been affirmed, and not reversed.

---

HARPER v. STATE. (No. 4673.)

(Court of Criminal Appeals of Texas. Nov. 14, 1917.)

1. INDICTMENT AND INFORMATION ⟁110(11)—FOLLOWING LANGUAGE OF STATUTE—DRUNKENNESS.

Under Code Cr. Proc. 1911, art. 34, requiring that a complaint shall be reduced to writing and sworn to and give the name of the accused and state the offense charged in plain words and show that the offense was committed in the county in which it is filed, and article 462, relating to allegation of "public place," a written complaint, charging that accused, on a certain date, in the county committed the offense of drunkenness in "a public place in the streets of a city not his private residence," substantially in the terms of Pen. Code 1911, art. 204, was sufficient.

2. CRIMINAL LAW ⟁823(1)—APPEAL—HARMLESS ERROR—INSTRUCTION.

A charge that on conviction defendant should "be in the sum of not more than $100 for each and every offense" omitting the word "fined" after the word "be," in view of another part of the charge requiring the jury to fix the punishment at a fine in any sum of not more than $100, was not fundamental error.

Appeal from Rockwall County Court; J. W. Reese, Judge.

J. A. Harper was convicted of drunkenness in a public place, and he appeals. Affirmed.

W. B. Wade, of Rockwall, for appellant. E. B. Hendricks, Asst. Atty. Gen., for the State.

MORROW, J. This case originated in the county court of Rockwall county where, on a complaint and information, appellant was charged, and on trial before a jury convicted of drunkenness in a public place.

The record is without bills of exception, and the statement of facts discloses the evidence was conflicting, but that of the state, if believed by the jury, was sufficient to sustain the conviction.

[1] There were exceptions filed to the complaint and information, which contain several counts. The first one only was submitted to the jury, and is therefore the foundation of the prosecution. It in form and in substance is sufficient. Article 34, C. C. P., prescribes the requisites for a complaint, and, after declaring that it shall be reduced to writing and sworn to, provides that the name of the accused shall be given, and that the offense with which he is charged be stated in plain and intelligible words; that it must appear the offense was committed in the county in which it is made, and within a time not barred by the statute of limitation. The com-

plaint in question is in writing, names the accused, J. A. Harper, fixes the date of the offense as the 19th day of May, 1917, naming the county and state, and describes the offense substantially in the terms of the statute. Article 204, P. C. It is signed by E. W. Hall, affiant. The jurat is as follows:

"Sworn to and subscribed before me this 26th day of June, A. D. 1917. D. T. Bowles, County Attorney, Rockwall county, Texas."

The term "public place" is stated in the complaint in the following language:

" * * * In a public place, to wit, the streets of the city of Rockwall, same not then and there being his own private residence."

This under article 462, C. C. P., and the decisions of this court cited under article 204, Vernon's P. C. p. 109, appears sufficient. Appellant's suggestion that the jurat was not officially signed is not supported by the record as indicated by the quoted portion of the jurat above.

[2] The court in the first paragraph of its charge stated that the statutes provide that if any person who shall get drunk, or be found in a state of intoxication in any public place, shall be deemed guilty of a misdemeanor, and on conviction before a court of competent jurisdiction "he shall be in a sum of not more than $100 for each and every offense." There is an evident clerical omission of the word "fined." In the second paragraph of the charge the jury is told, after submitting to them the facts upon which guilt could be predicated, that their duty would be to fix the punishment at a fine in any sum of not more than $100. No complaint was made of the charge at the time of the trial as provided by the statute, but in the motion in arrest of judgment it is suggested that the omission of the word "fined" is fundamental error requiring a reversal of the case. The penalty is correctly stated in the part of the charge submitting the case to the jury. In the first paragraph of the charge where the omission occurred it was unnecessary, and our judgment is that the error is not fundamental and not reversible.

The judgment of the lower court is affirmed.

---

OYERVIDES v. STATE. (No. 4700.)

(Court of Criminal Appeals of Texas. Nov. 21, 1917.)

1. INDICTMENT AND INFORMATION ⟁41(3) —COMPLAINT—SUFFICIENCY.

In a prosecution for aggravated assault on complaint and information, a complaint, alleging that the offense was committed on July 4, "191," was fatally defective, as in a criminal action the pleadings must charge the date of the offense within the period of limitations.

2. INDICTMENT AND INFORMATION ⟁41(3) —DEFECTS IN COMPLAINT—CURE.

Such defect in the complaint was not cured by the information.

Appeal from County Court, Travis County; D. J. Pickle, Judge.

Joe Oyervides was convicted of aggravated assault, and he appeals. Reversed and cause remanded.

Faulk & Monroe, of Austin, for appellant. E. B. Hendricks, Asst. Atty. Gen., for the State.

MORROW, J. [1, 2] This is a prosecution on complaint and information for the offense of aggravated assault. The complaint was filed July 7, 1917, and fixed the date of the alleged offense in the following language: "On or about the 4th day of July, 191." We think the court was in error in failing to sustain the motion in arrest of judgment based on the insufficiency of this complaint. Complaints of this character have been held insufficient in a number of cases. Collins v. State, 5 Tex. App. 37; Brewer v. State, 5 Tex. App. 248; Vernon's C. C. P. art. 451, p. 196, note 10. It is essential that the pleadings upon which a criminal action is founded shall charge the date of the offense within the time in which it would not be barred by the statute of limitation. Bradford v. State, 62 Tex. Cr. R. 424, 138 S. W. 118, in which the indictment was held invalid, charging the date as the 19th day of April, one thousand, nine hundred and ———. A defect of this description in the complaint is not cured by the information. Lackey v. State, 53 Tex. Cr. R. 459, 110 S. W. 903, and cases there cited

The judgment of the lower court is reversed, and the cause dismissed.

---

⚙⚙For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes