See Mercer v. State, 17 Tex. App. 465; Dodson v. State, 24 Tex. App. 514, 6 S. W.

548; Coburn v. State, 36 Tex. Cr. R. 258, 36 S. W. 442; Burford v. State, 68 Tex. Cr. R. 295, 151 S. W. 538.

Without discussing the charge in detail, we call the attention of the trial court to these general principles, and suggest that they may be followed in the event of another trial.

Complaint is also made of the language used in applying the principle of accomplice testimony to Laura Bell Henard. In this connection we call the attention of the court to the case of Anderson v. State, 95 Tex. Cr. R. 353, 254 S. W. 986, where a full discussion of the authorities touching the proper charge to be given in cases of this character will be found.

We fail to discuss appellant's objections to paragraph 7 of the court's charge, as this matter is hardly sufficient to require a reversal of the case.

From what has been said above it necessarily follows that we do not think that the appellant has had a fair and impartial trial in this case.

For the errors above discussed, it is our opinion that the judgment should be reversed and the cause remanded.

PER CURIAM. The foregoing opinion of the Commission of Appeals has been examined by the judges of the Court of Criminal Appeals and approved by the court.

---

## NEELEY v. STATE. (No. 8720.)

(Court of Criminal Appeals of Texas. April 22, 1925.)

1. **Indictment and information** ☞110(3)—**Indictment for being drunk in public place in language of statute is sufficient.**

Indictment charging offense of being drunk in a public place in approved form and in language of statute is sufficient.

2. **Criminal law** ☞457—**Nonexpert may give opinion that person was drunk.**

Nonexpert witness may give opinion that person was drunk.

3. **Criminal law** ☞1120(8)—**Bill of exceptions stating no facts but only objection to evidence cannot be considered.**

Bill of exceptions presenting objections to evidence which state no facts, but merely gives the objections urged to testimony, cannot be considered.

Commissioners' Decision.

Appeal from Hall County Court; A. C. Hoffman, Judge.

Isaiah Neeley was convicted of being drunk in a public place, and he appeals. Affirmed.

Elliott & Moss, of Memphis, for appellant.

Tom Garrard, State's Atty., and Grover C. Morris, Asst. State's Atty., both of Austin, for the State.

BERRY, J. Appellant was convicted in the county court of Hall county for the offense of being drunk in a public place, and his punishment was assessed at a fine of $25.

[1] Appellant's first and second assignments complain of the court's action in not granting his motion to quash the indictment. The indictment follows the statute and the approved forms, and is sufficient. Howard v. State, 76 Tex. Cr. R. 297, 174 S. W. 607; Harper v. State, 82 Tex. Cr. R. 149, 198 S. W. 786.

[2] By two assignments appellant complains because the court permitted the witnesses Weatherly and Nivins to give their opinion that appellant was drunk at the time and place alleged. This court has uniformly held that a nonexpert witness may give his opinion that a party is drunk. Stewart v. State, 38 Tex. Cr. R. 627, 44 S. W. 505; Pace v. State (Tex. Cr. App.) 79 S. W. 531; Henderson v. State, 49 Tex. Cr. R. 269, 91 S. W. 569.

[3] Complaint is made that the witness Weatherly was permitted to state that he saw appellant in a public road, for the reason that this was hearsay and an opinion and conclusion of the witness. The bill of exception presenting this matter states no facts, but merely gives the objections urged to this testimony. In this state of the record we cannot consider the bill.

Finding no error in the record, the case is affirmed.

PER CURIAM. The foregoing opinion of the Commission of Appeals has been examined by the judges of the Court of Criminal Appeals and approved by the court.