# JANUARY 4, 1939

PAT BAYLESS v. THE STATE.

No. 20078.   Delivered January 4, 1939.

The opinion states the case.

*Baker & Baker,* of Coleman, and *Jas M. Simpson,* of Eden, for appellant.

*Lloyd W. Davidson,* States Attorney, of Austin, for the State.

MORROW, PRESIDING JUDGE.—Upon a complaint and information charging an aggravated assault, the appellant was convicted of a simple assault, with a penalty assessed at a fine of ten dollars.

No bills of exception appear in the transcript, but in his Amended Motion for New Trial, counsel for appellant attacks the information upon the ground of variance. In the complaint, it is alleged that the offense was committed on or about the

1st day of April, A. D., 1938, whereas, in the information, the date is alleged as the 2nd day of April, A. D., 1938.

The rule is well settled that the material allegations of the information must conform to those of the complaint upon which it is founded. Vernon's Ann. Tex. C. C. P., Vol. 1, p. 314, Art. 415, note 6. A variance between the information and the complaint as to the date when the offense was committed is fatal to the validity of the information. See Branch's Ann. Tex. P. C., p. 230, sec. 435, and cases cited. A difference of one day in the date of the alleged offense has been held to be a fatal variance. See McKinney v. State, 49 S. W. 376, also 23 Tex. Jur. p. 603, sec. 13. See also Kelly v. State, 81 Tex. Cr. R. 408.

In view of the dispostion made of the appeal, we have pretermitted a discussion of the other questions raised in the motion for new trial.

Because of the defect pointed out in the information, the judgment of the trial court is reversed and the cause remanded.