IKE HODGE v. STATE

No. 28,579. January 2, 1957.

*West, Howard & Mitchell,* by *James L. Mitchell,* Dallas, for appellant.

*Henry Wade,* Criminal District Attorney, *Frank R. Jewell,* Assistant District Attorney, Dallas, and *Leon Douglas,* State's Attorney, Austin, for the State.

DAVIDSON, Judge.

Procuring is the offense; the punishment, four months' confinement in jail and a fine of $50.

The clerk of the trial court has refused to certify as to the date the offense was alleged in the information to have been committed—that is, whether the date alleged was the 10th day of May, 1951, or the 10th day of May, 1954—but has attached a photostatic copy of the original instrument. The original instrument is also before us.

From these it appears that the date alleged was the 10th day of May, 1951. To arrive at any other conclusion would be to indulge in unwarranted and unjustified speculation. Moreover, the state's accusatory pleading ought to be so clear and definite that the accused is placed on notice not only of the offense with which he is charged but the date it was alleged to have been committed.

Here, the information charges that the offense was committed on a date which shows that the offense was barred under the statute of limitation, because of its commission more than three years prior to the date of the filing of the information.

This being a misdemeanor case, the two-year statute of limitation governs. Art. 181, C.C.P.

The judgment is reversed and the cause is remanded.

MORRISON, Presiding Judge, concurring.

The writer, not being satisfied with the photostatic copy, directed that the original information be sent to this court for inspection. After having examined the same, I have concluded that the date therein alleged is "10th day of May, A.D. 1951."

I concur in the reversal of this conviction.

WOODLEY, Judge, dissenting.

The burden upon the members of this court in the disposition of this appeal is more of decipherment than decision.

Once the information wherein the date of the alleged offense appears, and especially the final figure in the numeral indicating the year, is deciphered, the disposition of the appeal presents no difficulty.

The state's pleadings were prepared by the use of printed forms, the remaining portion being hand-printing and figures made with a pencil. Neither the practice of preparing the state's accusatory pleadings in criminal cases in pencil, nor the skill of the scribe who prepared the present information and complaint is commended. However, I know of no law which would authorize this court to set aside a conviction because such pleadings were prepared with pencil and by a poor scrivener.

As my brethren see it the information alleges that the offense was committed on or about May 10, 1951.

If one be compelled to decipher the final digit solely from an inspection and examination of the particular numeral where it appears in the information, I might well agree with my brethren that the year alleged was 1951. On the other hand, if there is room for difference of opinion as to whether the final figure is a one or a four, it should be deciphered in the light of the record as a whole and found to be a four.

There is room for difference of opinion as to whether the figure in question is a four rather than a one. I call attention to the fact that the clerk of the trial court found it necessary to decline to copy it in the transcript as either, but passed the question to this court, and the further fact that two judges of this court read the figure as a one while the third agrees with the trial judge and sees it as a four.

That the information charges the offense to have been com-

mitted in the year 1954, and not the year 1951, is supported by the following:

(1) There is definitely some mark or character after the figures 195_ of the numeral indicating the year of the offense, and before the vertical line which my brethren hold to be a one. This character I take to be the angle portion of the figure four, which, with the vertical line, represents the pleader's effort to compose the figure four.

(2) Elsewhere in the complaint and information in what appears to be the same pencilled hand printing and figures, the figure four appears, and in each instance the horizontal line does not extend across the vertical line.

(3) The date of the offense is alleged in the complaint as May 10, 1954, and there is noted on the back of the complaint in slightly more legible form the words and figures "H. B. Brown, 5/11/54 at 3:30 P.M." To the non-expert eye at least the numerals mentioned were made by the same person.

(4) Both the complaint and information were filed on May 11, 1954, and the other endorsements (including the date and time of day mentioned) appearing on the information is a carbon copy of the endorsements on the complaint.

(5) All of the evidence on the issue of guilt related to an incident which occurred on May 10, 1954.

(6) The trial judge's charge to the jury states that the offense was alleged to have been committed on or about May 10, 1954, and authorizes a conviction upon a finding that appellant committed the offense on or about May 10, 1954. No objection was made to the charge.

(7) Motion to quash the information upon other ground was filed, but the date of the offense as alleged in the information and the question of limitation based thereon was raised for the first time after the verdict in appellant's amended motion for new trial.

From the record it appears beyond question that the person preparing the information purposed by what he wrote to allege the year in which the offense was committed as 1954, and his efforts should be so deciphered.