CASTULO ARCIDEZ V. STATE.

No. 30,119. November 26, 1958.

*Murray J. Howze,* Monahans, for appellant.

*Leon Douglas,* State's Attorney, Austin, for the state.

MORRISON, Presiding Judge.

The offense is driving while intoxicated as a second offender; the punishment, six months in jail.

In view of our disposition of this cause, a recitation of the facts will not be deemed necessary.

When the judgment in the prior misdemeanor conviction was offered in evidence, the appellant objected on the ground that there was a fatal variance between dates set forth in the complaint and information. In Murphy v. State, 149 Texas Cr. Rep. 269, 193 S.W. 2d 821, we had, as in the case at bar, a variance between the day charged in the complaint and in the information, and held such variance to be fatal to the validity of the information. See also Bayless v. State, 136 Texas Cr.

Rep. 1, 123 S.W. 2d 354; Simmons v. State, 158 Texas Cr. Rep. 14, 252 S.W. 2d 711; Kelly v. State, 81 Texas Cr. Rep. 408, 195 S.W. 853; McKinney v. State, 49 S.W. 376; and Harrison v. State, 164 Texas Cr. Rep. 371, 297 S.W. 2d 823.

Recently, in Morris v. State, 161 Texas Cr. Rep. 648, 280 S.W. 2d 255, we held that the court erred in admitting in evidence the judgment in a prior misdemeanor conviction for driving while intoxicated because of the failure of the complaint and information in such case to charge an offense. In that case, we said: "A conviction which depends upon the use of such a a judgment to make the primary offense a felony cannot on appeal be permitted to stand."

Morris is authority for the reversal of this conviction.

The judgment is reversed and the cause is remanded.