Ernesto SOLIS, by Next Friend, Isauro Solis, Appellant,

v.

The STATE of Texas, Appellee.

No. 14578.

Court of Civil Appeals of Texas.

San Antonio.

April 26, 1967.

Rehearing Denied Sept. 13, 1967.

Montague & Thurmond, Del Rio, for appellant.

John R. Foster, Del Rio, for appellee.

KLINGEMAN, Justice.

This is an appeal from a judgment of the Juvenile Court of Val Verde County

declaring appellant a delinquent child, on a petition filed by the County Attorney of such County alleging that Ernesto Solis is a delinquent child, in that he did shoot one Arturo Rodriguez with a pistol, with the intent to murder said Arturo Rodriguez. Prior to such adjudication a complaint had been filed in a Justict Court of Val Verde County, charging appellant with having killed Arturo Rodriguez with malice aforethought. Pursuant to such complaint a warrant was issued for appellant's arrest. He was arrested and detained, an attorney was appointed to represent him, and a plea to the jurisdiction of the Justice Court was filed on his behalf on the ground that appellant was only 15 years of age, and that exclusive jurisdiction was vested in the Juvenile Court. Such plea to the jurisdiction was sustained, and the matter transferred to the Juvenile Court.

Appellant, in the Juvenile Court, filed a plea in bar to the effect that such court could not proceed on the allegations of assault to murder, as charged in the County Attorney's petition, because there was already pending before the court an accusation of murder, which appellant contended arose from the same occurrence, event and circumstances; and also filed a plea in abatement stating that since such accusation of murder was pending in the court, that such court should not proceed on the County Attorney's petition until the accusation of murder with malice was first disposed of. Subject to such preliminary pleas, a general denial addressed to both the accusations of murder with malice and the assault with intent to murder was also filed. After a hearing, the court overruled both of such preliminary pleas and entered judgment declaring appellant a delinquent child and committing him to the care, custody and control of the Texas Youth Council.

Appellant's points of error on appeal are predicated upon error of the court in overruling his plea in bar and plea in abatement.

The evidence presented at such hearing shows that on August 14, 1966, appellant, then 15 years old, shot Arturo Rodriguez twice with a pistol, the first shot striking him in the chest on the left side near the heart, and the second shot, in the right eye. The pistol used was owned by the driver of the car in which appellant and the deceased were riding immediately prior to the shooting, and, according to the testimony of the owner of the pistol, the last time he saw the pistol prior to the shooting was several days before, when it was in the glove compartment of the car. The evidence also indicates that both shots occurred within a period of about ten minutes.

Appellant's basic contentions on this appeal are: (1) That under the terms and provisions of Sec. 12 of the Texas Juvenile Delinquent Act, Art. 2338—1, Vernon's Ann.Civ.St., since a complaint charging appellant with murder with malice had been filed in the Justice Court, upon transfer to the Juvenile Court such court was required to dispose of such accusation of murder, and since this was not done the judgment should be reversed and the case remanded to the Juvenile Court for disposition of the accusation of murder with malice. (2) That if Sec. 12, supra, does not clearly compel such disposition that, in keeping with the purposes and objectives of the Juvenile Delinquency Act to secure each child under its jurisdiction such care, guidance and control as will serve the child's welfare and best interest, it would be manifestly unjust and contrary to fundamental fairness to allow the State to proceed on its allegations of assault with intent to murder, rather than the accusation of murder with malice aforethought, since the obvious basis for doing this, according to appellant, is that at a later date, when appellant becomes amenable to criminal prosecution under our laws, the State intends to have appellant indicted and tried for murder with malice, and perhaps circumvent appellant's possible pleas of previous conviction, for-

mer jeopardy, and deprivation of due process under our Constitution.

In support of the contention that such procedure is fundamentally unfair and contrary to the purposes of the Texas Delinquent Act, appellant relies chiefly on the cases of Garza v. State, Tex.Cr.App., 369 S.W.2d 36, and Sawyer v. Hauck, 245 F. Supp. 55 (U.S.Dist.Ct.W.D.Texas, San Antonio (1965)). Each of these cases involved an appeal where the defendant had been convicted of murder in the district court after he had become 17 years of age, but who had previously been adjudicated a delinquent child under the Texas Juvenile Delinquent Act, and did not involve an appeal from the judgment of a Juvenile Court declaring him a delinquent child. In the Garza Case, Garza had been adjudged a delinquent child when 16 years old and sent to Gatesville State School upon a petition, filed by the District Attorney, alleging that he voluntarily and with malice aforethought killed Antonio Rodriguez by shooting him with a rifle. After he became seventeen, Garza was indicted and tried for the murder of Antonio Rodriguez and convicted. The Court of Criminal Appeals held that such conviction violated principles of fundamental fairness and constituted a deprivation of due process where defendant had previously been adjudged a delinquent child on basis of the same act of murder. In Sawyer v. Hauck, supra, Sawyer, when 15, killed both of his parents and was adjudged a delinquent child upon a petition alleging that he had violated the penal code of the State of Texas of the grade of a felony. The testimony adduced in the hearing pertained only to such murders, and no evidence was introduced with respect to any other violation of the penal code. After Sawyer became 17, he was indicted for murder, pled guilty, and was given a sentence of ten years. A writ of habeas corpus in the state court was denied, but the Federal Court for the Western District of Texas held that under Texas laws a person cannot be indicted for the identical offense for which he was adjudged a delinquent, and that since the indictment, trial, and conviction in the murder case were the same acts for which Sawyer had previously been adjudged a delinquent child and sent to Gatesville School for Boys, that this violated fundamental fairness and constituted a deprivation of due process under the 14th Amendment of the U.S. Constitution.

 We do not believe that these matters are before the Court on this appeal. This Court cannot assume that the State will attempt to have appellant indicted and tried for murder when he becomes 17 years old, but if and when it does so, appellant can present his plea of previous conviction, former jeopardy, violation of due process of law, fundamental fairness, that the offenses of murder with malice and assault to murder are not separate and distinct offenses, and any other pleas that he desires to present, to the proper court at such time. We do not pass upon the merit of these matters on this appeal.

The act does not undertake to convict a child for the commission of a crime. It defines a "delinquent child" and the definition furnished the basis for proceeding against such child under the act. The only issue to be determined at the trial is whether the juvenile is a "delinquent child" under the meaning of the act. Dendy v. Wilson, 142 Tex. 460, 179 S.W.2d 269 (1944). The fact that the juvenile has committed a murder does not give him a vested right to have a petition filed against him on the basis of such murder, Hultin v. State, 171 Tex.Cr.R. 425, 351 S.W.2d 248, and there are numerous cases in this State where a murder has been committed by a juvenile and said juvenile declared a delinquent child on petition filed alleging other offenses. Lopez v. State, 171 Tex. Cr.R. 552, 352 S.W.2d 106; Martinez v. State, 171 Tex.Cr.R. 443, 350 S.W.2d 929; Perry v. State, 171 Tex.Cr.R. 282, 350 S.

W.2d 21; Dearing v. State, 151 Tex.Cr.R. 6, 204 S.W.2d 983.

Appellant's other contention is that, since a complaint charging him with murder with malice had previously been filed in the Justice Court, under the provisions of Sec. 12 of Art. 2338—1, supra, upon transfer to the Juvenile Court such court had to dispose of the accusation of murder with malice, and the Juvenile Court was bound to proceed against appellant upon such complaint of murder with malice as if it had been instituted in that court in the first instance.

■ The pertinent parts of Sec. 12 provide that "If during the pendency of a criminal charge or indictment against any person in any other court than a Juvenile Court," it shall be ascertained that the accused is of juvenile age "at the time of the trial for the alleged offense, it shall be the duty of such court to transfer such case immediately * * * to the Juvenile Court of said county. * * * The Juvenile Court shall thereupon proceed to set said case for hearing and to dispose of such case in the same manner as if it had been instituted in that court in the first instance." Appellant contends that the word "case" as used in said Section 12 means and is restricted to the particular offense complained of in the Justice Court, in this instance, murder with malice. We do not agree with this limited construction. The Juvenile Delinquency Act does not undertake to convict and punish a child for the commission of a crime. Dendy v. Wilson, supra. It is elemental that an accused cannot be tried in Texas for a criminal offense of the grade of felony except on an indictment of a grand jury. Tex.Const., Art. 1, § 10, Vernon's Ann. St., Art. 1.05, Vernon's Ann.C.C.P.; Ex parte Morris, 168 Tex.Cr.R. 281, 325 S.W. 2d 386. Where a Justice Court sits for the purpose of inquiring into a criminal accusation, it sits as an examining court and not as a trial court. Art. 2.11, Vernon's Ann.C.C.P. Such proceeding in a Justice Court, sitting as a magistrate or examining court, is preliminary to the trial or prosecution of a criminal charge of the grade of a felony. A criminal charge or indictment for murder with malice was not pending before the Justice Court for trial.

■ We do not believe that a correct construction of Sec. 12 of Art. 2338—1, when taken together with the rest of the statute, requires the State to proceed on the penal offense alleged in a complaint filed against a juvenile in a Justice Court when such matter is transferred to the Juvenile Court, and that the Juvenile Court under such circumstances is restricted in its adjudication of such juvenile to be a delinquent child as to such offense alone, or that it must first dispose of the alleged offense in such adjudication. The Juvenile Court of Val Verde County did not err in overruling appellant's plea in bar and plea in abatement.

The judgment of the Juvenile Court is affirmed.