John Gerard JACKSON, Appellant,

v.

The STATE of Texas, Appellee.

No. 45408.

Court of Criminal Appeals of Texas.

Nov. 29, 1972.

On Rehearing Jan. 24, 1973.

Howard B. Law, Dallas, for appellant.

Henry Wade, Dist. Atty., Mike G. Mc-Collum, Asst. Dist. Atty., Dallas, and Jim D. Vollers, State's Atty., Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

ONION, Presiding Judge.

The appeal here involved springs out of a conviction for possession of marihuana where the punishment was assessed at five years, probated.

At his trial, the appellant waived trial by jury and entered a plea of not guilty before the court. The State's evidence was stipulated and the appellant testified as to his eligibility for probation.

The initial contention advanced on appeal is that the court erred in admitting into evidence the marihuana which appellant contends was obtained as a result of an illegal search and seizure. He notes that the stipulation was entered subject to his objection, as to the introduction of testi-

mony relating to the marihuana found. The objection was overruled.

The stipulation reflects that on May 16, 1970, about 12:30 p. m., Dallas City Police Officers Merten and Etley observed the appellant operating a 1970 Volkswagen pulling a homemade trailer bearing an expired 1969 license tag. They stopped the appellant and, while standing beside appellant's vehicle conversing with him about said license tag, Officer Etley observed through the rear window of the vehicle cigarette wrapping paper, a leafy green substance which appeared to be marihuana, and seeds which appeared to be marihuana seeds. After observing this material "in plain view," the officers searched the car, finding three cigarette butts in the rear ash tray and a small quantity of leafy green substance behind the rear seat. The stipulation also showed that a chain of custody of the material was established and that the chemist's testimony would be that the material submitted to him was marihuana.

The appellant does not question the right of the officers to stop and arrest the appellant for the use of an expired license tag. Thus, under the circumstances, Officer Etley was in a position where he had a right to be. It is well established that an officer may seize contraband which he sees in plain sight or open view if he is lawfully where he is. Ker v. California, 374 U.S. 23, 83 S.Ct. 1623, 10 L.Ed.2d 726; United States v. Lee, 274 U.S. 559, 47 S.Ct. 746, 71 L.Ed. 1202; Abel v. United States, 362 U.S. 217, 80 S.Ct. 683, 4 L.Ed.2d 668; Marron v. United States, 275 U.S. 192, 48 S.Ct. 74, 72 L.Ed. 231; Lewis v. State, 439 S.W.2d 351 (Tex.Cr.App.1969); Jackson v. State, 449 S.W.2d 279 (Tex.Cr.App. 1970).

Further,

"[o]nce a bona fide stop or arrest has been made for a traffic offense, the police can make an additional arrest for any other offense unexpectedly discovered during the course of the investigation. If, while questioning a motorist regarding the operation of his vehicle, an officer sees evidence of a criminal violation in open view, or in some other manner acquires probable cause on a more serious charge, he may arrest for that offense and *incident thereto* conduct an additional search for physical evidence. . . . This is true even if no specific statement of fact of the second arrest is made. . . . " Taylor v. State, 421 S.W. 2d 403 at 407 (Tex.Cr.App.1967). (Emphasis supplied.)

We conclude that under the circumstances the court did not err in admitting testimony concerning the marihuana. See Legall v. State, 463 S.W.2d 731 (Tex.Cr.App. 1971). See also Article 14.03, Vernon's Ann.C.C.P.

Next, appellant, in two grounds of error, challenges the sufficiency of the evidence. From the stipulation already set forth, it is clear that such grounds of error are without merit.

The judgment is affirmed.

## OPINION ON APPELLANT'S MOTION FOR REHEARING

ONION, Presiding Judge.

For the first time on rehearing the appellant contends: "The indictment is void for the reason that it charges an offense in the year 'one thousand nine hundred' which date is beyond the Statute of Limitations and the facts fail to prove said date."

It is appellant's position that this unassigned ground of error presents fundamental error requiring review "in the interest of justice." See Article 40.09 § 13, Vernon's Ann.C.C.P.

Omitting the formal parts, the indictment, in part, alleges the grand jury " . . . upon their oaths do present in and to the Criminal District Court No. 5 of Dallas County, at the April Term, A.D.1970, of said court that one John Gerard Jackson on or about the 16th day of May in the year of our Lord One Thousand Nine

Hundred and ———— in the County and State aforesaid, did then and there unlawfully possess a narcotic drug, to wit: marihuana . . . ."

Article 21.02, Vernon's Ann.C.C.P. (Requisites of an Indictment), provides, in part:

"An indictment shall be deemed sufficient if it has the following requisites:

. . . . . .

6. The time mentioned must be some date anterior to the presentment of the indictment, and not so remote that the prosecution of the offense is barred by limitation.

. . . ."

Thus, "[w]henever the offense is subject to limitation, an indictment or information must show that it was committed within the period of limitation. . . ." 30 Tex.Jur.2d Indictment and Information § 36, p. 602.

"If the date alleged as the date of the commission of the offense shows the offense to be barred by limitation, then the indictment, information, or complaint so alleging is bad." 1 Branch's Ann.P.C., 2d Ed., § 456, p. 456.

■ Such an indictment may be saved only if factors tolling the statute of limitations are alleged. Donald v. State, 165 Tex. Cr.R. 252, 306 S.W.2d 360 (1956). Parr v. State, 307 S.W.2d 94 (Tex.Cr.App.1957).

The indictment in the instant case was presented on June 22, 1970, and the statute of limitations for the offense of unlawful possession of marihuana is 3 years. See Article 12.04, Vernon's Ann.C.C.P. The indictment alleged the offense occurred on May 16 in the year "One Thousand Nine Hundred and ————." No factors tolling the statute of limitations were alleged.

As in Bradford v. State, 62 Tex.Cr.R. 424, 138 S.W. 119 (1911), where the indict-

ment alleged "one thousand nine hundred and ————," the date alleged in the instant indictment as the date of the commission of the offense shows the offense to be barred by limitation.

■ Such allegation is fatal to the indictment. Dixon v. State, 161 Tex.Cr.R. 626, 279 S.W.2d 868, 869 (1955); Bayless v. State, 136 Tex.Cr.R. 1, 123 S.W.2d 354 (1939). The fact that the error or omission is a clerical one is immaterial. See Article 21.02, supra, n. 28, and cases there cited.

The order affirming the conviction is set aside, the appellant's motion for rehearing is granted, and the judgment is reversed and the cause ordered dismissed.

## ON APPELLANT'S MOTION FOR REHEARING

ODOM, Judge (Dissenting).

For the first time, on motion for rehearing, appellant contends:

"The indictment is void for the reason that it charges an offense in the year 'one thousand nine hundred' which date is beyond the Statute of Limitations, and the facts fail to prove said date."

The indictment reads, in part, as follows:

" . . . the Grand Jurors . . . upon their oaths do present in and to the Criminal District Court No. 5, of Dallas County, at the April Term, A.D. 1970, of said Court that one John Gerard Jackson on or about the 16th day of May in the year of our Lord One Thousand Nine Hundred and ———— in the County and State aforesaid, did then and there unlawfully possess a narcotic drug, to wit: marihuana, . . . ."

True, the last two digits of the year of the date of the offense were omitted from

the indictment. However, there is no doubt that the omission was a clerical error.

The record reflects that although appellant plead not guilty, he agreed to a partial stipulation which was prepared by counsel for appellant, signed by the prosecutor, counsel for appellant and appellant himself. It was admitted into evidence and stated the date of the offense to be "on or about the 16th day of May, 1970 at approximately 12:30 p. m."

The record also reflects that the prosecutor read the following stipulation into the record without objection:

"If Officer John M. Merten and Officer C. E. Etley were called to testify they could and would testify . . . that they stopped that vehicle for the violation of a state law . . . the exact date being May 16th of 1970.

.    .    .    .    .    .

"If Officers J. M. Merten and C. E. Etley were recalled, they could and would testify that all of their prior testimony and the testimony in the agreed stipulation of the person driving the automobile where this marihuana was found at 12:30 p. m. on the 16th day of May, 1970 .   .   . "

Thus it is clear from the record that the date of the offense was May 16, 1970, and the prosecution is not barred by the Statute of Limitations. Article 12.04, V.A.C.C.P.

Although omissions and clerical errors are certainly not condoned, I would not reverse under the particular facts of this case where: (1) appellant did not object to the indictment pursuant to Article 27.02, Section 3, V.A.C.C.P.; (2) waived reading of the indictment; (3) stipulated to the date of the offense (the complained of date); (4) made no mention of the indict-

ment in his motion for new trial; and, (5) did not question the indictment on appeal until his motion for rehearing.

Misdemeanor cases [1] where an information is prepared from a faulty complaint are distinguishable. For example, in Sandlin v. State, Tex.Cr.App., 386 S.W.2d 537, the complaint alleged the date of the offense to have been on the " . . . 4th day of October A.D.19—." The information, which was prepared from the complaint, alleged the date of the offense to have been the " . . . 4th day of October A.D.1964." The conviction was reversed for the reason that the complaint was insufficient to support the information.

The interest of the accused in such cases is not the same as the interest of the accused in the case at bar.

A statutory limitation is placed on the prosecutor's authority to initiate prosecution. That limitation in a misdemeanor case is effectuated by the requirement that "(n)o information shall be presented until affidavit has been made by some credible person charging the defendant with an offense." Article 21.22, V.A.C.C.P. It follows then, in order to protect the interest of the accused in the limitation placed on a prosecutor's authority, the information which is prepared must track the complaint. Indeed, it has long been the law " . . . that the affidavit and complaint should form and become not only a part of the information but a most important and fundamental part of it," and:

"If the information must be based upon the affidavit, then the offense stated in the information must be characterized by and correspond with that as stated in the affidavit. Any other construction, it appears to us, would be senseless." Davis v. State, 2 Tex.App. 184.

1. See, e. g., Sandlin v. State, Tex.Cr.App., 386 S.W.2d 537; McLaren v. State, 167 Tex.Cr.R. 302, 320 S.W.2d 141; Suzuki v. State, Tex.Cr.App., 280 S.W.2d 744;

Herron v. State, 150 Tex.Cr.R. 475, 203 S.W.2d 225; Taylor v. State, Tex.Cr.App., 50 S.W. 1015; and Collins v. State, 5 Tex.App. 37.

"Where the prosecution is begun by complaint and information, the allegation as to the date of the commission of the offense must be the same in both pleadings, and a variance in this respect will be fatal." Taylor v. State, Tex.Cr.App., 50 S.W. 1015.

The limitation on the prosecutor's authority to initiate prosecution in a felony case is effectuated by the requirement that an indictment be returned by a grand jury.[2] Article 1.05, V.A.C.C.P.; Ex parte Krarup, Tex.Cr.App., 422 S.W.2d 173; Norton v. State, 120 Tex.Cr.R. 577, 47 S.W.2d 610; Solis v. State, Tex.Civ.App., 418 S.W.2d 265.

That the date of the alleged offense be made part of the indictment (Article 21.02, V.A.C.C.P.) is required for two reasons: (1) to insure that the prosecution of the offense alleged is not barred by limitation, and (2) to insure that the accused is put on notice of the offense charged. Those cases reversed by this court for the reason that the date of the alleged offense set forth in the information did not conform to the date alleged in the complaint are inapplicable to the instant case.

I would hold that where, by reason of a clerical error, a part of the date of the alleged offense is omitted from the indictment, its omission does not per se require a reversal. And where it is clear from the record as a whole that the prosecution is not barred by limitation, and it is also clear that the accused was in fact put on notice as to the offense for which he is charged, then the conviction is not rendered infirm by reason of the omission. See, e. g., Hodge v. State, 164 Tex.Cr.R. 69, 297 S.W.2d 138 (Dissenting Opinion).

To the extent that Bradford v. State, 62 Tex.Cr.R. 424, 138 S.W. 119, and other cases are inconsistent with this view, I would overrule them.

I dissent.

---

2. An indictment may be waived. Article 1.141, V.A.C.C.P.; King v. State, Tex.Cr.App., 473 S.W.2d 43.