610 S.W.2d 787 (1981)
Ex parte George Monroe HYETT.
No. 66761.
Court of Criminal Appeals of Texas, En Banc.
January 28, 1981.
Robert Huttash, State's Atty., Austin, for the State.
Before the court en banc.

OPINION
ONION, Presiding Judge.
This is a post-conviction habeas corpus proceeding brought under the provisions of Article 11.07, V.A.C.C.P.
The petitioner contends the felony information to which he pleaded guilty on May 23, 1980 is fundamentally defective because it fails to allege any day on which the offense occurred, does not show the offense was anterior to the filing of the information or that the offense was not barred by the statute of limitation. He further urges that there is no allegation where the offense charged occurred, and that the requirements of Article 21.21, V.A.C.C.P., have not been met.
The felony information reads as follows:
"In the Name and by the Authority of the State of Texas:
"NOW COMES the undersigned District Attorney, in and for the 23rd Judicial District Court of Matagorda County, Texas, and presents in and to said Court, at the December-June term A.D. 1980, thereof, that George Monroe Hyett, hereinafter styled Defendant, duly accompanied by Defendant's attorney of record, in open court, and prior to arraignment herein, was duly advised by the Court of *788 Defendant's right to request this case can be presented by Indictment, or in the alternative, charged by Information; and the Defendant admitted in writing the receipt of said explanation, that same was then and there fully explained, and clearly understood; whereupon accused waived being charged by Indictment, and requested this case be presented by Information, said accusation being a felony, other than a capital offense; and in behalf of said State, the undersigned District Attorney further presents in and to said court at said term, before the making and filing of this Information: Did then and there knowingly and intentionally manufacture a controlled substance to-wit: Methamphetamine
against the peace and dignity of the State.
 "/s/ Jack Salyer 
 District Attorney 23rd
 Judicial District of Texas"
The felony information was filed on May 23, 1980. On the same date the judgment reflects that the appellant entered a guilty plea before the court and waived trial by jury. Punishment was assessed at five (5) years' imprisonment. Sentence was pronounced on the same date. No appeal was taken.
When petitioner's habeas corpus application containing the aforementioned allegations abut the information and also claiming ineffective assistance of appointed counsel was presented to the trial court, it found the allegations to be without merit. The record was forwarded to this court.
Article 1.141, V.A.C.C.P., provides:
"A person represented by legal counsel may in open court or by written instrument voluntarily waive the right to be accused by indictment of any offense other than a capital felony. On waiver as provided in this article, the accused shall be charged by information."
Under this statute when a defendant waives the right to be tried upon an indictment and agrees to be tried upon an information, the prosecution is not required to also file a complaint. Chapple v. State, 521 S.W.2d 280 (Tex.Cr.App.1975); Washington v. State, 531 S.W.2d 632 (Tex.Cr. App.1976).
Article 21.21, V.A.C.C.P. (Requisites of an Information), provides in part:
"An information is sufficient if it has the following requisites:
"(1) * * *
"(2) That it appears to have been presented in a court having jurisdiction of the offense set for the;
"(3) * * *
"(5) It must appear that the place where the offense is charged to have bene committed is within the jurisdiction of the court where the information is filed;
"(6) That the ti me mentioned be some date anterior to the filing of the information, and that the offense does not appear to be barred by limitation;
"(7) That the offense be set forth in plain and intelligible words;
"(8) * * *
"(9) * * *"
Sec and cf. Article 21.02 (Requisites of an Indictment). Article 21.23 (Rules as to Indictment Apply to Information).
With regard to appellant's contention that the information fails to allege the place where the offense charged was committed, we agree that Ex parte Hunter, 604 S.W.2d 188 (Tex.Cr.App.1980), is disposition of such contention. There the felony information, though not a model pleading by any means, showed that it was presented by an assistant district attorney of Harris County to a district court in that county and with the term "then and there" being utilized as reference the court found the felony information sufficient. While we are dealing with a form apparently used as a waiver of indictment and a felony information in one instrument, we conclude the same reasoning applies and there is a compliance with Article 21.21(5), V.A.C.C.P.[1]
*789 As to the failure to allege the day of the alleged offense, we have a more serious question.
It has been stated that the date of the commission of the offense must be distinctly alleged and it must be a date certain. State v. Randle, 41 Tex. 292 (1874); Mealer v. State, 66 Tex.Cr.R. 140, 145 S.W. 353 (1912).
In Hodge v. State, 164 Tex.Cr.R. 69, 297 S.W.2d 138 (1957), it was said the State's accusatory pleading ought to be so clear and definite the accused is placed on notice not only of the offense with which he is charged but the date it was alleged to have been committed.
And it has long been held that the time of the commission of the offense is a matter of substance and not amendable. Drummond v. State, 4 Tex.App. 150 (1878); Huff v. State, 23 Tex.App. 291, 4 S.W. 890 (1887).
An indictment to be sufficient must give day, month and year of the commission of the offense. Hess v. State, 528 S.W.2d 842 (Tex.Cr.App.1975); Hill v. State, 544 S.W.2d 411 (Tex.Cr.App.1976); 1 Branch's Anno.P.C., 2nd ed., § 452, p. 454. Failure of an indictment to allege the date of the commission of an offense constitutes fundamental error. Hess v. State, supra.
It has been frequently said when an "on or about" date is alleged as the date of the commission of the offense the time mentioned must be a date anterior to the presentation of the indictment and not so remote that prosecution is barred by the statute of limitation. Under such circumstances, the State is not bound by the date alleged, but conviction may be had upon proof that the offense was committed any time prior to the return of that indictment that is within the period of limitation. Rogers v. State, 169 Tex.Cr.R. 239, 333 S.W.2d 383 (1960). See Article 21.02(6), V.A.C.C.P.
We are not here confronted with an "on or about" allegation but with no allegation as to the time of the commission of the offense, which is fundamental error.
The petitioner is entitled to the relief requested. We need not pursue or request an evidentiary hearing on the claim of ineffective assistance of counsel.
The conviction in trial cause number 5839 is hereby set aside and the petitioner ordered released. A copy of this opinion shall be furnished to the Texas Department of Corrections.
It is so ordered.
NOTES
[1] With regard to the possession of a controlled substance, we hold that neither an indictment nor information must allege where within the county of the alleged offense the possession occurred. Ex parte Hunter, supra, and cases there cited.