No. 5205.

## R. E. HUFF *v.* THE STATE.

1. AFFIDAVIT—INFORMATION—VARIANCE, as to the date of the alleged offense, between the affidavit or complaint and the information based upon it, is fatal, and a motion to quash the information should prevail.

2. PRACTICE—AMENDMENT.—In support of a motion to amend the complaint in this case, the county attorney filed his affidavit to the effect that, since the filing of the complaint and information, some unknown person had fraudulently added a figure to the original figure inserted by him in the complaint to indicate the date of the offense, by which fraudulent addition the variance between the complaint and the information was made to appear. Upon the hearing of evidence the trial court sustained the motion to amend, and the trial proceeded. *Held*, that the proceeding was wholly unauthorized. The date of the offense, both in the complaint and information, being matter of substance and not of form merely, could not be amended, either upon motion or by order of the court.

3. MUTILATION OF COMPLAINT—SUBSTITUTION OF SAME.—The fraudulent alteration of a date in an affidavit or complaint amounts to a mutilation of the same, and is a mutilation of the information. The only remedy available in such case is by substitution of the complaint and information, in the manner provided by Article 434, of the Code of Criminal Procedure.

4. EVIDENCE.—It is a rule of evidence that when an original document can be produced in court, oral proof of its contents can not be made. The original instrument in this case being in court on this trial, the court below erred in permitting a witness to testify to the contents and date of the same.

5. UNLAWFUL TRAFFIC IN COUNTY CLAIMS—FACT CASE.—See the statement of the case for evidence *held* insufficient to support a conviction for unlawful traffic in county scrip, inasmuch as it fails to establish the official character of the appellant as a county officer at the alleged date of the offense.

APPEAL from the County Court of Wichita. Tried below before the Hon. E. W. Foster, County Judge.

The conviction in this case was had under Article 248 of the Penal Code, defining the offense of illegally trading in county scrip. The verdict of the jury reads as follows: "We, the jury, find the defendant guilty, and assess his punishment the lowest given by the statute."

It was in proof that the scrip described in the indictment was sold to the defendant, but the only proof that the defendant was then county attorney was the "understanding" of the witness that he occupied said office.

*W. W. Flood*, for the appellant.

*W. L. Davidson*, Assistant Attorney General, for the State.

WHITE, PRESIDING JUDGE.   This prosecution is for a violation of Article 248, Penal Code, which prohibits any county officer from trading for claims drawn on the treasurer of any county, city or town.

Omitting formal allegations, the information charges that "R. E. Huff, on or about the first day of April, 1884, was then and there county attorney in and for Wichita county, Texas, duly elected and qualified, and acting as such; that on the said day and date aforesaid did then and there, in said county of Wichita, contract and buy one certain piece of jury scrip, issued by W. E. Brothers, county clerk of said Wichita county, Texas, on the twenty-fourth day of March, 1884, to G. W. Humphreys for the sum of eight dollars, and drawn on the treasurer of Wichita county, Texas, contrary," etc.

The affidavit upon which this information was based alleged the offense to have been committed on the twenty-first day of April, 1884, or twenty days subsequent to the date of its commission as laid in the information.   Defendant filed exceptions to the information upon the ground that this variance between the information and complaint or affidavit, as to the date of the commission of the offense, was fatal to the information.   It is well settled that, inasmuch as the information is based upon the affidavit (Code Crim. Proc., art. 431), there must be a correspondence between the two as to the date of commission of the offense charged.   (Hoerr v. The State, 4 Texas Ct. App., 75; Collins v. The State, 5 Texas Ct. App., 37; Brewer v. The State, Id., 248; Williamson v. The State, 5 Texas Ct. App., 485; Smith v. The State, 9 Texas Ct. App., 475; Cole v. The State, 11 Texas Ct. App., 67; Hefner v. The State, 16 Texas Ct. App., 573.)

In answer to the defendant's exceptions and motion to quash, the county attorney filed his affidavit stating that the date in said complaint had been changed and altered by some one since

the filing of the information, by the insertion of the figure 2 before the figure 1, so as to make the same read "21st," instead of "1st," as originally written by him, and he moved the court to allow him to correct the date in the complaint accordingly; which, after hearing of the evidence upon the matter, was ordered to be done by the court, and the trial proceeded, though the amendment was not in fact made in conformity to the order.

We know of no statute or authority of law under which this proceeding can be validated. Time as to date of the offense, both in the complaint and information, is matter of substance and not of form, and it can not be corrected or amended simply upon motion and by an order of the court. (Code Crim. Proc., art. 550; Sanders v. The State, 26 Texas, 119; Drummond v. The State, 4 Texas Ct. App., 150; Sharp v. The State, 6 Texas Ct. App., 650; Goddard v. The State, 14 Texas Ct. App., 566.) Matters of substance, essential to an indictment or information, can not be amended. (Brown v. The State, 11 Texas Ct. App., 451.)

If the facts stated by the county attorney in his affidavit and motion were true, then the original complaint or affidavit upon which the information was based had been fraudulently tampered with and *mutilated,* and the complaint being made by statute an essential part or basis of the information, its mutilation was a mutilation of the information also. To mutilate is defined by Webster to be "to cut off a limb or essential part; to destroy or remove any material part, so as to render the thing imperfect." This was clearly done if by altering the date the information was deprived of the support of the complaint and thereby rendered imperfect and invalid. Such being the case, the proper practice and the only remedy, as we are advised, is that pointed out in Article 434 of the Code of Criminal Procedure for the substitution of indictments or informations, which provides that "when an indictment or information has been lost, mislaid, mutilated or obliterated, the district or county attorney may suggest the fact to the court, and the same shall be entered upon the minutes of the court; and in such case another indictment or information may be substituted, upon the written statement of the district or county attorney that it is substantially the same as that which has been lost, mislaid, mutilated or obliterated. Or another indictment may be presented as in the first instance, and in such case the period for

the commencement of the prosecution shall be dated from the time of making such entry." (Perez v. The State, 10 Texas Ct. App., 327.) Such a substitution should have been made in this case if, upon hearing of a motion for that purpose, the court was satisfied that the complaint had been fraudulently tampered with, and that thereby the information became mutilated because not supported by it. As shown by the record, the ruling of the court in permitting the county attorney to amend the complaint as to the date of the offense was manifestly erroneous.

Several other errors are complained of in this appeal, one or more of which are well taken. It was error to permit the witness Barwise to testify as to the date and contents of the jury scrip,—the paper, the jury scrip itself, being in court and in the possession of the prosecution, and being the best evidence of what it contained as to date of issuance and all other matters embraced in it. "Whenever an original document can be brought into court, secondary evidence of its contents is, as a rule, inadmissible." "The writing must be produced whenever it is necessary to prove the particular act which the writing embodies." (1 Whart. Ev., 2 ed., secs. 60, 61, et seq.; Sager v. The State, 11 Texas Ct. App., 110; Myers v. The State, 13 Texas Ct. App., 57; Miller alias McCain v. The State, 18 Texas Ct. App., 34.) The jury scrip should itself have been produced in evidence, or its loss or non-production been accounted for before proof of its contents was admissible.

But upon the main point necessary to be established by the evidence in this case to warrant a conviction, to wit, that appellant, at the time he purchased the jury scrip, was county attorney of Wichita county, we think the proof is by no means conclusive or sufficient; and upon this ground alone, if none other had been presented, the conviction would have been set aside by us.

For the reasons discussed, the judgment is reversed and the cause remanded.

*Reversed and remanded.*