Peter B. PETERSON, Appellant,

v.

The STATE of Texas, Appellee.

No. 515–87.

Court of Criminal Appeals of Texas, En Banc.

Dec. 20, 1989.

M. Scott Stehling, Kerrville, for appellant.

Gary E. Kersey, County Atty., Robert A. Denson and Matthew W. Paul, Asst. County Attys., Kerrville, Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON STATE'S PETITION FOR DISCRETIONARY REVIEW

### PER CURIAM.

Appellant was convicted by a jury of delivery of less than one fourth ounce of marihuana. TEX.REV.CIV.STAT.ANN., Art. 4476–15 Sec. 4.05(b)(2). Punishment was assessed by the trial court at six months (work release) in the county jail, and a $1000.00 fine. The San Antonio Court of Appeals, in a published opinion, reversed appellant's conviction. *Peterson v. State*, 732 S.W.2d 22 (Tex.App.—San Antonio, 1987).

■ We granted the State Prosecuting Attorney's petition for discretionary review to examine the holding of the Court of Appeals. After careful review of the briefs offered in support of the petition and the opinion of the Court of Appeals, we have determined the State's petition for discretionary review was improvidently granted.

■ Just as in cases where this Court refuses to grant a petition for discretionary review, this Court's decision to order State's petition dismissed as improvidently granted should not be construed as approval by this Court of the language or the reasoning used by the Court of Appeals in reaching its decision. See *Sheffield v. State*, 650 S.W.2d 813 (Tex.Cr.App.1983)

State's petition for discretionary review is ordered dismissed.

CLINTON, J., dissents.

WHITE, J. not participating.

CLINTON, Judge, dissenting.

The first precursor to Article 21.22, V.A. C.C.P., was codified in 1858 as O.C. 404; since settled in Texas law is an unerringly upheld prerequisite to validity of an information, *viz:*

> "A variance between the information and the complaint on which it is based as to the date when the offense was committed is *fatal to the validity of the information.*"

1 Branch's Annotated Penal Code (2d. Ed. 1956) 456, § 455.*

Of equal antiquity is a corollary rule: "The allegation of the date when the offense was committed is a matter of substance and not of form and cannot be legally amended." *Id.*, § 457. More specifically, where a prosecuting attorney sought and after hearing obtained leave of court to amend a complaint to correct the stated date of the offense, the Court ruled:

> "... We know of no statute or authority of law under which this proceeding can be validated. Time as to the date of the offense, both in the complaint and information, is matter of substance, and not of form, and it cannot be corrected or amended simply upon motion, and by an order of the court. [citations omitted]."

*Huff v. State*, 23 Tex.App. 291, 4 S.W. 890 (1887).

Similarly, the error in this cause was committed at a pretrial hearing when the trial court denied the motion to quash *information* and ordered that the *complaint* be "amended to reflect correct date as stated in *information.*" *Huff v. State*, supra, 4 S.W. at 892 (ruling of the court in permitting county attorney to amend complaint as to date of offense "manifestly erroneous").

Such a variance between complaint and information is "fatal to the validity of the *information*—not the complaint." *Acevedo v. State*, 483 S.W.2d 459, 450 (Tex.Cr. App.1972); *Thomas v. State*, 474 S.W.2d 236, 237 (Tex.Cr.App.1971); *Harrison v. State*, 297 S.W.2d 823, 824 (Tex.Cr.App.

---

* All emphasis is mine throughout unless other-    wise noted.

1957); *Wheat v. State,* 172 Tex.Cr.R. 259, 356 S.W.2d 323 (1962); *Bayless v. State,* 136 Tex.Cr.R. 1, 123 S.W.2d 354 (1939) (difference of one day).

The rule was so well established by the former court of appeals that opinions after 1891 routinely followed it without further explication. But there are strong public policy considerations dictating the rule.

An information is a "primary pleading in a criminal action on the part of the State," Article 27.01, V.A.C.C.P., a written pleading in behalf of the State drawn, filed and presented by a prosecuting attorney charging an accused with an offense that may be prosecuted under the law. Article 21.20, V.A.C.C.P. In order to "protect its citizens from the inherent dangers arising from the concentration of power in any one individual," *Kennedy v. State,* 161 Tex.Cr.R. 303, 276 S.W.2d 291 (1955) (Opinion on Motion for Rehearing, at 664), the Legislature precluded a prosecutor from presenting an information "until affidavit has been made by some credible person charging the defendant with an offense," and also mandated, "The affidavit shall be filed with the information." Article 21.22, supra. Such an affidavit is, of course, a complaint within the meaning of Article 15.04, V.A.C.C.P. "In other words, a prosecuting attorney is not authorized to institute prosecutions in the county court upon his independent act or of his own volition." *Kennedy v. State,* supra, 276 S.W.2d at 294. One may not be "both the accuser and the prosecutor in misdemeanor cases." *Wells v. State,* 516 S.W.2d 663, at 664 (Tex.Cr.App.1974). Compare *Glass v. State,* 162 Tex.Cr.R. 598, 288 S.W.2d 522 (1956); *Catchings v. State,* 162 Tex.Cr.R. 342, 285 S.W.2d 233, at 234 (1955)

Because an information must be based on a complaint, and the offense stated in the former "must be characterized by and correspond with that stated in the affidavit," *Davis v. State,* 2 Tex.App. 184 (Ct. App. 1877), it is the affidavit, not the information, that specifies date the offense is alleged to have been committed. Since the affidavit must be and was made by a credible person other than a prosecuting attorney, it also follows that only the affiant may "amend" his affidavit. To allow the prosecuting attorney to purport to "amend" the affidavit of another would make the prosecutor the accuser.

For those reasons the grant was not improvident and I would affirm the judgment of the San Antonio Court of Appeals.