Opinion issued September 30, 2004 
     











In The
Court of Appeals
For The
First District of Texas




NO. 01-03-00489-CR




EDMOND LEMONT ROBERSON, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 351st District Court
Harris County, Texas
Trial Court Cause No. 922674




MEMORANDUM OPINION

          A jury found Edmond Lemont Roberson guilty of the offense of possession
with intent to deliver a controlled substance, namely cocaine in an amount over four
grams and less than two hundred grams. The indictment includes two punishment
enhancement paragraphs. Roberson pleaded true to the allegations in the
enhancement paragraphs, that he had two prior felony convictions, and the trial court
assessed punishment at thirty-five years’ confinement. Roberson’s appointed
appellate counsel filed an Anders brief and moved to withdraw, representing that her
review of the record reveals no arguable grounds of error. See Anders v. California,
386 U.S. 738, 744, 87 S. Ct. 1396, 1400 (1967). Counsel advised Roberson of her
evaluation, and informed him that he had the right to file a pro se appellate brief. 
Roberson thereafter filed his pro se brief contending (1) his trial attorney failed to
render effective assistance of counsel, (2) and the evidence is legally insufficient to
support Roberson’s conviction. We affirm.Facts and Procedural History
          K.K. is a confidential informant who has been working for Officer Johnny
Williamson for the past seven years. Roberson met K.K. through another dealer. 
Roberson suggested that K.K. buy narcotics from him in the future instead of from
the dealer. Roberson gave K.K. his telephone number and a sample of crack cocaine. 
          K.K. informed Officer Williamson of his encounter with Roberson. K.K.
called Roberson five days after their initial meeting and asked to buy “half a cookie,”
which is about one-half ounce of cocaine. Roberson indicated that he would have no
problem supplying this amount. K.K. and Roberson met and executed their
transaction. During this transaction, Roberson agreed to sell K.K. another six ounces
of cocaine the following week. The next week, K.K. and Officer Williamson drove
to a parking lot to meet Roberson and carry out the transaction. K.K. approached
Roberson’s van where Roberson showed K.K. the cocaine, and asked whether he had
the money. K.K. told Roberson that Williamson had the money, so Roberson
instructed K.K. to summon Williamson. K.K. then returned to his vehicle and
informed Officer Williamson that Roberson wanted the money. As K.K. and Officer
Williamson approached Roberson’s van, Roberson sensed that something was wrong. 
He immediately fled with the cocaine in his hand. 
          Officer Craig Green, a member of the arrest team, chased Roberson on foot. 
During the pursuit, Officer Green saw Roberson throw a plastic bag containing the
cocaine under a vehicle. Officer Green recovered the bag and gave it to Officer
Williamson. A chemist subsequently tested the substance and identified it as 46.5
grams of cocaine.
Ineffective Assistance of Counsel
          In his first issue, Roberson contends that his trial attorney failed to render
effective assistance of counsel. Roberson claims his trial counsel was ineffective
because counsel (1) did not attempt to quash the indictment, and (2) did not
vigorously request a jury instruction on the defense of entrapment. 
          To prevail on a claim of ineffective assistance of counsel, the defendant must
show (1) his counsel’s performance was deficient, and (2) this deficiency was so
prejudicial that it rendered the trial unfair. Strickland v. Washington, 466 U.S. 668,
687, 104 S. Ct. 2052, 2064 (1984). 
          The first prong of Strickland requires the defendant to show that counsel’s
performance fell below an objective standard of reasonableness. Thompson v. State,
9 S.W.3d 808, 812 (Tex. Crim. App. 1999). Thus, the defendant must prove by a
preponderance of the evidence that his counsel’s representation objectively fell below
the standard of professional norms. Mitchell v. State, 68 S.W.3d 640, 642 (Tex. Crim.
App. 2002). 
          The second prong requires the defendant to show a reasonable probability that,
but for counsel’s unprofessional errors, the result of the proceeding would have been
different. Thompson, 9 S.W.3d at 812. A reasonable probability is a probability
sufficient to undermine confidence in the outcome. Id. Failure to make the required
showing of either deficient performance or sufficient prejudice defeats the
ineffectiveness claim. Id. at 813. We assess the individual facts of each case to
determine whether a defendant received effective assistance of counsel. Id. “A court
must indulge a strong presumption that counsel’s conduct falls within the wide range
of reasonable professional assistance; that is, the defendant must overcome the
presumption that, under the circumstances, the challenged action might be considered
sound trial strategy.” Strickland, 466 U.S. at 689, 104 S. Ct. at 2065. 
 

The Indictment
          Roberson contends that his trial counsel provided deficient representation
because he did not file a motion to quash the indictment. Roberson maintains that the
indictment is defective because the grand jury’s indictment and the initial complaint
differ in their allegations concerning the amount of cocaine Roberson possessed. 
The complaint alleges Roberson possessed less than one gram of cocaine, while the
indictment alleges he possessed between four grams and two hundred grams of
cocaine. Roberson contends that this variance renders the indictment defective. 
Roberson, therefore, maintains that his trial counsel’s failure to attempt to quash the
indictment constitutes ineffective assistance of counsel. 
          Trial counsel’s failure to move to quash the indictment does not render his
representation deficient because the indictment is not defective. Grand juries are
required to “inquire into all offenses liable to indictment of which any member may
have knowledge, or of which they shall be informed by the attorney representing the
State, or any other credible person.” Tex. Code Crim. Proc. Ann. art. 20.09 (Vernon
1977). “The grand jury has the authority to conduct their [sic] own investigations, to
subpoena evidence and witnesses, to fail to return indictments sought by the district
attorney, and to indict on matters as to which the district attorney has presented no
evidence and sought no indictment.” Smith v. Hightower, 693 F.2d 359, 368 (5th Cir.
1982); see Tex. Code Crim. Proc. Ann. arts. 20.09, 20.10, 20.19 (Vernon 1977). 
Thus, no requirement exists that the initial complaint comport with the indictment. 
See Tex. Code Crim. Proc. Ann. arts. 20.09, 20.10, 20.19. Hence, Roberson’s trial
counsel was not ineffective for failing to file a motion to quash the indictment. 
Thacker v. State, 999 S.W.2d 56, 67 (Tex. App.—Houston [14th Dist.] 1999, pet.
ref’d) (holding counsel not ineffective for failing to file a meritless motion to quash);
see also Riles v. State, 595 S.W.2d 858, 861 (Tex. Crim. App. 1980) (indicating that
the failure to make a meritless objection does not render counsel ineffective). 
          Roberson next asserts that Article 21.22 of the Texas Code of Criminal
Procedure requires that the complaint comport with the indictment. Tex. Code Crim.
Proc. Ann. art. 21.22 (Vernon 1989) (“No information shall be presented until
affidavit has been made by some credible person charging the defendant with an
offense. The affidavit shall be filed with the information. It may be sworn to before
the district or county attorney who, for that purpose, shall have power to administer
the oath, or it may be made before any officer authorized by law to administer
oaths.”) (emphasis added). Roberson errs in relying on Article 21.22 because this
statute applies to informations only, not to indictments. Id.
          Roberson finally contends that the indictment is invalid because a valid
complaint must precede, or accompany, an information. Peterson v. State, 732
S.W.2d 22, 23 (Tex. App.—San Antonio 1987), pet. dism’d, 781 S.W.2d 933 (Tex.
Crim. App. 1989). This statement is correct, but it does not apply to Roberson’s case. 
In Peterson, the State attempted to file a new complaint with amended information,
after the issuance of the information. Id. The court held that the State must file the
complaint before, or at the same time as the information according to Article 21.22
of the Texas Code of Criminal Procedure. Id. Filing a new complaint after the State
issues an information renders the information invalid. Id. at 24. Like Article 21.22,
Peterson is inapplicable to Roberson’s case because it pertains to informations, not
indictments. Id.
Entrapment Instruction
          Roberson further contends that his trial counsel was ineffective because
counsel failed to obtain an entrapment instruction in the jury charge. Roberson’s trial
counsel requested that the jury charge include an entrapment instruction, but the
judge denied the request. Trial counsel therefore preserved the alleged error. Tex.
R. App. P. 33.1; see also Cacy v. State, 942 S.W.2d 783, 785 (Tex. App.—Waco
1997, pet. ref’d) (“In order to preserve a complaint for appellate review, a party must
have presented to the trial court a timely request, objection or motion, stating the
specific grounds for the ruling the party desired the court to make, and obtain a ruling
on the record.”). Failing to obtain a jury instruction after a trial judge denies a request
does not render trial counsel’s performance deficient. See Tex. R. App. P. 33.1. 
Roberson’s trial counsel did all he could do when he objected to the jury charge and
preserved the error for appellate review. Roberson has failed to show his trial
counsel’s performance was deficient with regard to any issue.


 Therefore, we
overrule Roberson’s first issue. 
Legal Sufficiency of Evidence
          In his second issue, Roberson contends the evidence is legally insufficient to
support his conviction. We review a conviction for legal sufficiency by viewing the
evidence in the light most favorable to the conviction, and inquiring whether any
rational trier of fact could have found the essential elements of the offense beyond a
reasonable doubt. Johnson v. State, 23 S.W.3d 1, 7 (Tex. Crim. App. 2000).
          Roberson claims the evidence is insufficient to corroborate K.K.’s testimony
that Roberson possessed the cocaine. Article 38.141 of the Texas Code of Criminal
Procedure provides as follows: 
(a) A defendant may not be convicted of an offense under Chapter 481,
Health and Safety Code, on the testimony of a person who is not a
licensed peace officer or a special investigator but who is acting covertly
on behalf of a law enforcement agency or under the color of law
enforcement unless the testimony is corroborated by other evidence
tending to connect the defendant with the offense committed; 
 
(b) Corroboration is not sufficient for the purposes of this article if the
corroboration only shows the commission of the offense. 

Tex. Code Crim. Proc. Ann. art. 38.141 (Vernon Supp. 2004). “Article 38.141
applies to confidential informants,” such as K.K.. Cantelon v. State, 85 S.W.3d 457,
460 (Tex. App.—Austin 2002, no pet.). “A challenge of insufficient corroboration
is not the same as a challenge of insufficient evidence to support the verdict as a
whole.” Torres v. State, 137 S.W.3d 191, 196 (Tex. App.—Houston [1st Dist.] 2004,
no pet.); Cantelon, 85 S.W.3d at 460. “To determine the sufficiency of the
corroboration, we eliminate the testimony of the [informant] and ask whether other
inculpatory evidence tends to connect the accused to the commission of the offense,
even if it does not directly link the accused to the crime.” Cantelon, 85 S.W.3d at
461; Torres, 137 S.W.3d at 196; see also McDuff v. State, 939 S.W.2d 607, 612 (Tex.
Crim. App. 1997) (“We shall accordingly eliminate the accomplice witness testimony
from our consideration and then conduct such an examination without considering the
accomplice witness testimony.”). “Non-accomplice evidence does not, by itself, have
to establish the guilt of the defendant beyond a reasonable doubt, but it does have to
connect the defendant with the offense.” Torres, 137 S.W.3d at 196; McDuff, 939
S.W.2d at 612. Thus “while the accused’s mere presence in the company of the
[informant] before, during, and after the commission of the offense is insufficient by
itself to corroborate the testimony, evidence of such presence, coupled with other
suspicious circumstances, may tend to connect the accused to the offense.” Torres,
137 S.W.3d at 196; Dowthitt v. State, 931 S.W.2d 244, 249 (Tex. Crim. App. 1996)
(interpreting accomplice witness corroboration requirement). If the conviction lacks
the required corroborating evidence, the defendant is entitled to a verdict of acquittal. 
 Tex. Code Crim. Proc. Ann. art. 38.17 (Vernon 1979). Thus, according to Article
38.141, we eliminate K.K.’s testimony from consideration, and determine whether the
remaining evidence tends to connect Roberson to the cocaine. Cantelon, 85 S.W.3d
at 461; Torres, 137 S.W.3d at 196. We view the corroborating evidence in the light
most favorable to the finding of guilt. Cantelon, 85 S.W.3d at 461.
          Two officers testified that they saw Roberson holding the cocaine. Officer
Green testified that Roberson had something in his hand as he fled from the officers. 
Officer Green also testified that he saw Roberson throw the item he was holding
underneath a vehicle. Officer Green continuously looked at the item until he
recovered it, and then he immediately gave the item to Officer Williamson. Officer
Williamson’s testimony comports with Officer Green’s testimony regarding this set
of facts. Officer Williamson testified that he saw Roberson get out of his van and
start running with something in his hand. Officer Williamson also testified that he
saw the appellant throw the item underneath a vehicle. The item was a plastic bag
containing the cocaine. Officer Green and Officer Williamson’s testimony tends to connect Roberson
to the offense, and standing alone, is legally sufficient to establish Roberson’s guilt. 
See Tex. Health & Safety Code Ann. § 481.112(d) (Vernon 2003). This evidence
thus satisfies the requirements of Article 38.141 of the Texas Code of Criminal
Procedure and is legally sufficient to support Roberson’s conviction. See Tex. Code
Crim. Proc. Ann. art. 38.141.
          Roberson also contends that the evidence is legally insufficient to support his
conviction, because K.K. may have planted the cocaine on him. Roberson’s
assertions are speculation, and nothing more than an alternative hypothesis which the
jury impliedly rejected in finding him guilty. See Wilson v. State, 7 S.W.3d 136, 141
(Tex. Crim. App. 1999). The Court of Criminal Appeals has expressly rejected the
reasonable hypothesis construct as a measure of legal sufficiency. Wilson, 7 S.W.3d
at 141; Geesa v. State, 820 S.W.2d 154, 161 (Tex. Crim. App. 1991), overruled on
other grounds by Paulson v. State, 28 S.W.3d 570 (Tex. Crim. App. 2000). 
          Finally, Roberson asserts that the evidence is legally insufficient to support his
conviction because the State did not establish the chain of custody of the cocaine. 
The State must establish the authenticity of evidence before the evidence may be
admitted. Tex. R. Evid. 901. Jackson v. State, 968 S.W.2d 495 (Tex. App.—
Texarkana 1998, pet. ref’d) (“When the evidence does not have any unique or
distinctive characteristics, the chain of custody may be required to establish that the
item presented in trial is the same one involved in the events in issue.”). 
          In the present case, the State established the chain of custody of the cocaine
through witness testimony. Officer Green testified that he picked up the cocaine after
he saw Roberson throw it under the vehicle. Once Officer Green recovered the
cocaine, he handed it to Officer Williamson. Officer Williamson confirmed that
Officer Green gave him the cocaine at the scene. Officer Williamson took the cocaine
back to his office, field tested it, and received a positive reaction for cocaine. See id. 
Officer Williamson then placed the cocaine in an envelope and wrote Roberson’s
name, the date, the location of the offense, and the cause number on the envelope. 
Officer Williamson placed the envelope in a secured drop box, only accessible to law
enforcement officers and lab workers. See id. Officer Williamson testified he did not
tamper with the substance. 
          During the trial, both Officer Williamson and Officer Green identified States
exhibit 1-A as the cocaine recovered from Roberson. Claudia Busby, a chemist with
the Houston Police Department Crime Lab, testified that the lab’s records indicate
Officer Williamson submitted the envelope and its contents to the lab’s drop box on
August 29, 2002 (the date Roberson committed the offense). The crime lab kept the
substance secured in a vault when they were not testing it. This evidence establishes
that the substance Officer Green seized from Roberson is the same substance that the
chemist tested and identified as cocaine. The witness testimony therefore establishes
the chain of custody of the cocaine, and is legally sufficient to uphold Roberson’s
conviction. See Coleman v. State, 113 S.W.3d 496, 503 (Tex. App.—Houston [1st
Dist] 2003, pet. granted).
          We hold that the evidence in Roberson’s case is legally sufficient to uphold his
conviction because a rational trier of fact could have found the essential elements of
Roberson’s crime beyond a reasonable doubt. Conclusion
          After reviewing appointed counsel’s Anders brief and appellant’s pro se
responses, and having conducted an independent examination of the record, we
conclude there are no arguable grounds for appeal. Accordingly, we affirm the
judgment of the trial court. We grant counsel’s motion to withdraw.



 
          

                                                             Jane Bland
                                                             Justice
 
Panel consists of Justices Taft, Jennings, and Bland.
Do not publish. Tex. R. App. P. 47.2(b).