This document contains some pages that are of poor quality at the time of imaging.

Date 8/11/2015

41,379-03

Gerald Mitchell
#1608296
Robertson Unit
12071 FM 3522
Abilene, TX 79601

RECEIVED IN
COURT OF CRIMINAL APPEALS

AUG 14 2015

Abel Acosta, Clerk

T.C.C.A.
P.O. Box 12308 Capitol Station
Austin, Texas 78711

RE: WR-41,379-03

Dear. Clerk Acosta,

I am writing you in reference to Tr.ct. no. 1175727-A and WR-41,379-03, out of the 174th District Court of Harris County, Texas, for the following reasons:

I

On 7/15/2015 the 174 Dist Court entered its Facts Findings and conclusion of Law, with a order to the District Clerk to forward said copies to the T.C.C.A and Applicant, However on or about 7/8/2015 prior to such 7/15/2015 state court Facts Finding and conclusion of Law. Applicant Filed it's objection under cause no. 1175727-A in both the 174th Dist. Court of Harris County Texas and the T.C.C.A, only to be notified by the T.C.C.A. Clerk. Acosta's July 23, 2015 Letter and returned objection that the District Clerk of Harris County Texas has of yet complied with the 7/15/2015 District's Court's order to Forward the writ. As shown in attached exhibits 1 and 2,

II

I would also Like to aware the court that on 8/10/15 by way of the IDCI-ID mailroom slip that Applicant just receive notice of the 7/27/2015 T.C.C.A. receiving the writ and presenting it to the court see attached exhibits 3 and 4,

III

Therefore Applicant brings to the attention of this court

the mailing process in reference to Applicant's litigation is untimely or either has been delay, by either the court or the Unit's mailroom. And at no fault of Applicant as shown and supported in Applicant's attached exhibits (1-4)

Applicant therefore asked that you please in good faith refile attached exhibit 2, which is Applicant's objection to the State's Original Answer and Findings of Facts and conclusion of Law and the Court's order. I thank you dearly in advance.

Sincerely

Gerald W. Mitchell

Exhibit # 1



**SHARON KELLER**
PRESIDING JUDGE

**LAWRENCE E. MEYERS
CHERYL JOHNSON
MIKE KEASLER
BARBARA P. HERVEY
ELSA ALCALA
BERT RICHARDSON
KEVIN P. YEARY
DAVID NEWELL**
JUDGES

# COURT OF CRIMINAL APPEALS
P.O. BOX 12308, CAPITOL STATION
AUSTIN, TEXAS 78711

**ABEL ACOSTA**
CLERK
(512) 463-1551

**SIAN SCHILHAB**
GENERAL COUNSEL
(512) 463-1600

July 23, 2015

Gerald W. Mitchell # 1608296
Robertson Unit
12071 FM 3522
Abilene, TX 79601

RE: Trial Court Case #1175727-A

Dear Mr. Mitchell:

After a thorough search of our records, we find that you do not have a Writ of Habeas Corpus filed in the Court of Criminal Appeals at this time. If you have any further questions or concerns, please direct them to the District Clerk in the convicting county where you originally filed the application.

I am herewith returning your documents.

Sincerely,

Abel Acosta, Clerk

AA/kd
Enclosure

RECEIVED IN
COURT OF CRIMINAL APPEALS

Abel Acosta, Clerk

Exhibit 2#

Cause No. 1175727-A

EXPARTE
Gerald Wayne Mitchell
Applicant (Pro , Se)

In The 174TH District
Court Of
Harris County, Texas
RE: Cause No. 1175727

### Applicant's Objection To The State's Original Answer And Findings Of Facts And Conclusion Of Law, And Order

To the Honorable Judge of said Court:

Comes now Applicant Gerald Wayne Mitchell, Pro, Se by way of objection to the State's original answer and Findings of Facts and Conclusion of Law, and Order, for the following reasons:

I

Applicant argues that the State in its reply and Findings of Fact and Conclusion of Law, has failed to Rebutt, Applicant's alleged Facts that the indictment failed to meet the requisities of an Ordance with Texas Const. Art 5 § 12(b) in the light of Exparte Thomas 234 SW 3d. 656 (Tex App Beaumont 2007) or Nix Vs. State 65 SW 3d. 664 (Tex Crim App 2001). Therefore, it would be unreasonable in the light of Exparte Adams 768 SW 2d. 281, 288 (Tex Crim App 1989) For the Tex.Court. Of. Crim. Appeals to adopt the State's Findings of Facts and Conclusion of Law in light of the Facts before the State and Habeas Court proceedings, which the State Court failed to legally support they had jurisdiction over, also such action would result in a complete fundamental miscarriage of Justice.

II

Such Application if adopted would also be unreasonable in the light of Exparte Maldonado 688 SW 2d. 114, 116 (Tex Crim App 1985) and Exparte Torres 943 SW 2d. 469, 474 (Tex Crim App 1997). Because Applicant has alleged facts surrounding a invalid indictment that failing to list a offense that

1

can be prosecuted by Texas Law, a lack of jurisdiction and erroneous jury charge also allegations of ineffective assistance of counsel, which if true would entitle Applicant to relief. As set out in Exparte Adams 768 SW 2d. 281, 288 (Tex Crim App 1989).

Applicant would like to bring to the attention of this Court that State, in its original answer under Cause No. 1175727-A (at 2-7); In response to Applicant's First and Third Grounds for relief. (at 2) Asserts that Applicant claims that the judgement in the primary case is void because it is based on a defective and invalid indictment (Applicant's Writ at 6-7). Specifically, Applicant claims that the State's indictment fails to to allege an offense defined by the Texas Penal Code, namely, the possession with the intent to deliver a controlled substance, weighing more than Four (4) and less than Four Hundred (400) grams by aggregate, weight, including any adulterants and dilutants Id.

In his Third ground for relief, Applicant claimed that the Trial Court erred in the jury charge by failing to properly charge the jury pursuant to the indictment (Id at 10-11).

Applicant asserts that the State has misconstrued both of Applicant's grounds (one) and (three).

Applicant awares that Court that in ground one, Applicant never referred to the indictment containing a defect. Requiring a review under Studer VS. State 799 SW 2d. 263, 267 (Tex Crim App 1990).

Applicant alleged in ground one, that his judgement is void due to a lack of jurisdiction, because the complaint (at cr, 2) and the indictment (at cr,5). Which the State in its response attached as Exhibit (A) failed to satisfy the Constitutional requisites of a charging instrument.

Applicant support these contentions under the Tx.Code.Crim.Proc.Art. 27.01 in the light of Peterson Vs. State 781 SW 2d. 933,935 (Tex Crim App

2

1989) which states: an information is a written pleading in behalf of the State drawn, filed and presented by a prosecuting attorney charging an accused with an offense that may be prosecuted under the Law. An information must be based on a complaint, and the offense stated in the former must be characterized by and correspond with that stated in the Affidavit.

Also in Exparte Peterson 740 SW 2d. 766, 775 (Tex Crim App 1987) and Exparte Beck 769 SW 2d. 525 (Tex Crim App 1989) states that an indictment serves as a dual function. On the one hand it is the written statement of a Grand Jury accusing a person therein named of some act or ommission which, by Law is declared to be an offense. On the other hand, the indictment is is the primary pleading in a [Felony] criminal action on the part of the State. Thus the indictment serves interest of both the State and the Accused.

Which Petitioner alleged and supported with facts that the complaint (at cr,2) and indictment (at cr,5) also shown by the State in its attached Exhibit (A) under Cause No. 1175727. Failed to satisfy the Constitutional requisites of a charging instrument. Because the State of Texas as shown in both the (cr,2) and (cr,5) clerk records and in the States attached Exhibit (A) does not have a legal penal code statute of Law for a offense of possession with intent to deliver a controlled substance, weighing more than Four (4) and less than Four Hundred (400) grams by aggregate weight, including any adulternats and dilutants Id.

The State in its response (at 2) conceded that the indictment as shown in their attached Exhibit (A) reflected an illegal offense of (4 to 400) and asserted that following voir dire and prior to the commencement of testimony. Applicant's trial counsel objected to the Form of the indictment, and objected to the State's request to Amend it or abandon the Four Hundred (400) gram upper weight limit it (III rr, at 5-13) Applicant's trial counsel argued that, as is, the indictment "alleges an impossible and nonexistant

3

offense" and that consequently, the (at,3) trial court could not properly charge the jury because no applicable punishment range existed (III rr at 6-8). The trial court overruled trial counsel's objection and ultimately ruled that the indictment would remain as is, but that at the end of trial the court would charge the jury based on the evidence at trial (III rr, at 14-15).

Applicant argues that the State's Findings (at 4), which allege that the indictment gave Applicant suuicient notice of the charge against him, (7) that trial counsel failed to file or show a pretrial motion to quash and ruled on prior to the commenced trial. (8) that the objection to the indictment was timely. (9) Applicant failed to show was claim of invalid indictment or void judgement, which could have been, but where not raised on direct appeal. (10) Applicant's record claims are not cogniable on habeas, and (16) that Applicant has failed to show that his conviction was improperly obtained or that he is being improperly confined. Also the State Conclusion of Law (at 3) which the State alleges that Applicant has waived and forfeited allegation in regards to defects and irregularities in the indictment.

Applicant also brings to the attention of this court, that the State's reply and indings of Facts and Conclusion of Law in regards to the indictment have been misapplied to the Facts and Applicant's arguments under the T.C.C.P. Art 27.01 which Applicant asserted in the light of Peterson Vs. State 781 SW 2d. 933,935 (Tex Crim App 1989) and Exparte Peterson 240 SW 2d. 766,275 (Tex Crim App 1987) also the court in Studer VS. State 799 SW 2d. 263,267 (Tex Crim App 1990) which speaks of a substance defect, which is considered fundamental errorsince a a charging instrument with such a defect failed to confer jurisdiction upon the trial court and any conviction had upon that instrument was trerefore void. This court has used the terms substance defect, "Fundamental error", and fatally defective interchangably when addressing errors in charging instruments which led to void conviction at 268; A substance defect is among other things, a failure to allege an element of an offense in the charging instrument.

Applicant further asserts that the State's response, Findings of Facts and Conclusion of Law in regards to the indictment shown in State's Exhibit (A) is unreasonable in the light of Nix Vs. State 65 SW 3d. 664 (Tex Crim App 2001) which Applicant asserts that the State failed to overcome Applicant's alleged facts in ground one (1). Also in the absence of jurisdiction and a legal charging instrument no objection is required as set out in Nix

4

VS. State:

A judgement of conviction for a crime is void when (1) the document purporting to be a charging instrument, that is the indictment, information or complaint does not satisfy Constitutional requisites of a charging instrument, thus trial court has no jurisdiction over defendant (2) trial court lack subject matter jurisdiction over offense charged, such as when a misdemeanor involves official misconduct is tried in a court of law. (3) Record reflect that there is no evidence to support the conviction or (4) an indigent defendant is required to face criminal trial proceedings without court appointed counsel when such has not been waived (at 667) our cases recognize two exceptions to general rule, which exceptions we shall call (1) the void judgement exception and (2) the Habeas Corpus exception. The void judgement exception recognizes that there are some rare situation in which a trial court's judgement is accorded no respect due to a complete lack of power to render the judgement in question, a void judgement is a nully and can be attacked at any time. Exparte Patterson 969 SW 2d. 16,19 (Tex Crim App 1998) therefore rebutting the State's contention that a objection was necessary if not any indictment error was waived.

Also Studer Vs. State is a misapplied as well in the light of Exparte Thomas 234 SW 3d. 656 (Tex App Beaumont 2007) which lays out the 1985 Amendment for Studer VS. State 799 SW 2d. 263 (Tex Crim App 1990) which Exparte Thomas reads:

The Amendment to the Texas Constitution and the Tex.Code of Crim. Proc. in (1985) change the Law see; Cook 902 SW 2d. 476. The Legislature is authorized to prescribed by statute the effects of substantive defects in charging instruments. A defect of form or substance in an indictment or information is waived if no objection is made before the date commences trial; and the presentment of an indictment or information vest the court with jurisdiction over the case see Tex.Const.Art. V § 12(b); Tex.Code Crim.Proc.Ann Art. 1.14 (b) Vernon 2005. The Constitutional Admendment allowed the specific requirements of indictments and informations to be deterrmined by statute see Tex. Const.Art. V § 12(b). Teal Vs. State SW 3d. 172,178 (Tex Crim App 2007). Studer Vs. State SW 2d. at 272. The change in Law shifted the focus from whether a defect was a fundamental, substantive defect to whether the defendant objected to the defect before trial, see Teal Vs. State 230 SW 3d. at 178; Cook Vs. State 902 SW 2d. at 477.

The rule as stated earlier regarding the allegations is an indictment

5

also generally apply to an information see Tex.Code Crim.Proc. Ann Art. 21.23 (Vernon 1989). The Statute defines an information as a written statement filed and presented in behalf of the State by the district or county attorney charging the defendant with an offense which may by law be so prosecuted Tex.Code Crim.Proc.Ann Art. 21.20 (Vernon 1989). An information is presented when it is filed by the proper officer in the proper court, Tex.Code Crim. Proc. Ann Art. 12.07 (Vernon 2005). A charging instrument that charges a person with committing an offense once presented involves the trial court's jurisdiction is no longer contingent on whether the charging instrument contains defects of form or substance. Teal Vs. State 230 SW 3d. at 178, see also Exparte Patterson 969 SW 2d. at 19; and Duron Vs. State 956 SW 2d. 547, 550-51 (Tex Crim App 1997).

Applicant further concludes in reference to the State's reply on Applicant's ground three. Which Applicant asserted earlier that the State had misconstrued, which the State (at 2) in its reply contend that Applicant claims the trial court erred in the jury charge by failing to properly charge the jury pursuant to the indictment. (Id at 10-11).

Applicant points out that the complained error in which the State's speaks of, Applicant alleged that the trial court erred in submitting the jury charge before the court over Applicant's objection, because the charge failed to instruct the jury on the Law of the case as set out under T.C.C.P. Art. 36.14. Which the State in its original answer (at 2-7) allege that the indictment shown in State's Exhibit (A); in its Findings of Fact under No. 3,4,5,6,16 and its Conclusion of Law under No. 1,2, and 10. Contends that the jury charge was a variance from the wording of the indictment, the eviddence presented at trial in the primary case was not material and did not prejudice Applicant's Right's, that the indictment gave Applicant sufficient notice of the charge against him, in order to prepare a defense to prevent the State from a later prosecution, also that Applicant failed to show how his preparation or defense strategy was harmed by any variance between the indictment and the evidence presented at trial, or how he recieved a harsher punishment.

Applicant asserts that the Facts and Findings and Conclusions of Law, in relation to Applicant's third ground of relief. Which the State ask to be adopted would be unreasonable in the light of the Tex.Code Crim.Proc. Art. 36.14. Amanza VS. State 686 SW 2d. 157 (Tex Crim App 1984) causing Applicant egregiuos harm. Because the indictment shown in the State's Exhibit(A) and the jury charge shown in State's Exhibit (B) of its original answer failed

to meet the Constitutional requisites of a charging instrument in accordance with Tex.Const.Art. V § 12(b) in light of Exparte Thomas 234 SW 3d. 656 (Tex App Beaumont 2007) and Nix Vs. State 65 SW 3d. 664 (Tex Crim App 2001) to provide the court with jurisdiction or invoke the 1985 Amendment under Studer Vs. State 799 SW 2d. 263,267 (Tex Crim App 1990). Requiring an onjection to the indictment prior to commencement of trial, presentment of the indictment or information, as set out under Tex.Code Crim.Proc.Ann Art. 1.14(b). Applicant further asserts that the jury charge fails to meet the Constitutional requisites under In Re Winship 397 U.S. 358,364, 90 Sct. 1068.25 L.ed 2d. 368 (1970). Also the Constitutional requirements by the Judge under the Tex.Code Crim.Proc.Art. 36.14 in the light of Vasquez Vs. State 389 SW 3d. 361,366 (Tex Crim App 2012). Which states that the charge is the instrument by which the jury convicts, it must contain an accurate statement of the Law and must set out all the essential elements of the offense. Which goes back to Applicant's trial counsel's argument about the indictment alleging a nonexistant offense and that consequently the trial court could not properly charge the jury because no law applicable exist to either the charge or punishment (III rr at 6-8). Therefore making it impossible for the court to meet the Constitutional requirements under the (Tex. Code Crim.Proc. 36.14). Which the State has failed to overcome Applicant alleged Facts which if true would entitle Applicant to relief on this ground three of error as well. Applicant now concluded this objection in good faith and undue delay, asserts that the State in its original answer, Facts and Findings and Conclusion of Law have unreasonably applied Gollihar Vs. State 46 SW 3d. 243,257 (Tex Crim App 2001) alleging that the jury charge shown in its attached Exhibit(B) is a variance, because a variance only applies to a charge to the court in which jurisdiction has been involved. However Applicant will supply a few factors, in case this court was to stand by the State's allegations of a variance, Applicant asserts:

A variance between an indictment and proof at trial will be fatal to a conviction only if it is material. A variance is material if it prejudices defendant's substantial Rights. Rickerson Vs. State 138 SW 3d. 528 (Tex App Houston 14 Dist 2004).

Generally a variance between the indictment and the evidence at trial is fatal to a conviction because due process guarantees the defendant notice of the charge against him U.S.C.A.Const. Amend. 14. Greeno Vs. State SW 3d. 495 (Tex App Houston 2001) and Moore Vs. State SW 3d. 495 (Tex App 2000).

7

Which Applicant alleges that the State never had a charging instrument.

Applicant further argues that the State's reply to Applicant's second and fourth ground for relief, on Applicant's claim of ineffective assistance on Appeal, due to Appellate counsel failure to raise on Appeal the issues of an invalid/defective indictment, invalid jury charge, and void judgement shown in Applicant's Writ (at 8-9, 12-13).

Applicant argues that it would be unreasonable in the light of Exparte Adams 768 SW 2d. 281,288 (Tex Crim App 1989). For this court to adopt the State's contentions in its reply brief (at 7-9) or its Findings of Facts and Conclusion of Law under No (11) stating Applicant failed to show a reasonable probability that but for Appellate's counsel allegedly deficient conduct of not raising the defective or invalid indictment, improper jury charge and void judgement, he would have prevailed. (at No 12) That these claims were clearly stronger than the insufficientcy of the evidence to support the punishment enhancement shown at Mitchell slip up (at 2-4) citing Exparte Marin 2008 WL 902143, 4 (Tex Crim App April 2, 2008) and Smith Vs. Robbins 528 U.S. 259,285-86 (2000)(Also No 13). Also that Appellate counsel provided effective assistance of counsel, is clearly unreasonable as well as the State Conclusion of Law under No.s (4-10). Which Applicant argues that the State contention about the significants of the errors raised, Applicant points out that Applicant alleged challenges on the guilt/innocence phase, which is a grave error than the punishment challenged error by Appellate counsel as referred to by the state and shown at Mitchell slip op. at 2,4. Also Applicant asserts that the State's contention that such error in a Habeas Corpus application is not cognizable on habeas as stated in the State's Facts and Findings (at (10) and (11)). Its also unreasonable in the light of Applicant's ground two, which Applicant asserted that Appellate counsel was ineffective for failing to challenge the void judgement on Appeal, due to a lack of jurisdiction and also that such errors is not barred on Habeas Corpus in light of Coleman Vs. Thompson 501 U.S. 722,115 L.Ed. 2d. 640,111 Sct 2546 (1991) and had the State court on habeas review considered Applicant's alleged Facts as set out under Exparte Maldonado 688 SW 2d. 114,116 (Tex Crim App 1985). The Habeas court would have come to the conclusion that had Appellate counsel gathered the Law and Facts and challenged such alleged errors by Applicant. No Apppellate court would have come to the conclusion that the State court ever had jurisdiction, nor was the conviction valid, or the jury charge was correct and would have agreed with Applicant that his conviction is void

8

and rest. On a complete fundamental miscarriage of justice, therefore entitling Applicant to relief on Appeal as set out in Exparte Daigle 848 SW 2d. 691,692 (Tex Crim App 1993).

## Prayer

Applicant prays that this court would review the State original answer Findings of Facts and Conclusion of Law along with Applicant's objections and then find that the State contentions and Facts is unreasonable and that jurisdiction was never established, nor did the juror charge satisfy the T.C.C.P. 36.14. and thereafter grant relief.

## Certificate Of Service

Applicant, Gerald Wayne Mitchell, do hereby state that the foregoing is true and correct and free of perjury.

Executed date 7 - 8 - 2015

/S/ _Gerald W. Mitchell_
Gerald Wayne Mitchell
#1608296
French Robertson Unit
12071 F.M. 3522
Abilene, Texas 79601

9

Exhibit #3

## NOTIFICATION TO COME BY MAIL ROOM

Rb _____ UNIT

Inmate Name Mitchell Gerald _____ Date 8/10/15

Inmate No. 1100822916

The above named inmate is required to come to the mail room

8/10/15 3-4.15pm
(Date and Time)

regarding the following matter:

_____ Questionable Correspondence
_____ Questionable Publication
  X     Package
  X     Legal, Special, or Media Correspondence
_____ Other

Inmate's Signature _____ Date 8/10/15

Notifying
Officer's Signature _____

Original—Return to unit mail room.
Copy—Give completed copy to inmate.                    ☆I-152 (NRD)

Exhibit #4

OFFICIAL NOTICE FROM COURT OF CRIMINAL APPEALS OF TEXAS
OFFICIAL BUSINESS P.O. BOX 12308 CAPITOL STATION, AUSTIN, TEXAS 78711 OSTAGE >> PITNEY BOWES
STATE OF TEXAS
PENALTY FOR
PRIVATE USE
ZIP 78701 $ 000.27⁵
02 1W
0001401623 AUG 06 2015

7/27/2015
MITCHELL, GERALD WAYNE Tr. Ct. No. 1175727-A                    WR-41,379-03
On this day, the application for 11.07 Writ of Habeas Corpus has been received
and presented to the Court.

Abel Acosta, Clerk



GERALD WAYNE MITCHELL
ROBERTSON UNIT - TDC # 1608296
12071 FM 3522
ABILENE, TX 79601

EBN3B 79601